JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

303CV1015 DJS
CV-03-0195125-5

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Glens Falls Insurance Company a/s/o Harold and Lauren Heinz

**DEFENDANTS**

Command Force Security Systems, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Morrison, Mahoney & Miller, LLP
One Constitution Plaza
Hartford, CT  06103

ATTORNEYS (IF KNOWN)

Kaufman Borgeest & Ryan LLP
200 Summit Lake Drive
Valhalla, NY  10595

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☒ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C.A §1441

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Removal

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE: 6/5/03

SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------X

GLEN FALLS INSURANCE COMPANY
a/s/o HAROLD and LAUREN HEINZ,

                Plaintiff,

- against –

COMMAND FORCE SECURITY SYSTEMS, INC.,

                Defendant.

-----------------------------------------------------------------X

State Court Docket No.:
CV-03-0195125-S

**<u>NOTICE OF REMOVAL</u>**

303CV1015 DJS

    Petitioner-Defendant, **COMMAND FORCE SECURITY SYSTEMS, INC.,** (hereinafter **COMMAND FORCE**), by its attorneys **KAUFMAN BORGEEST & RYAN LLP**, filed this Notice of Removal, and respectfully state as follows:

    1.    On or about May 8, 2003 Plaintiff served a summons and complaint on the defendant which was filed in the Superior Court Judicial District of Stamford-Norwalk at Stamford of the State of Connecticut, and entitled <u>GLENS FALLS INSURANCE COMPANY a/s/o HAROLD AND LAUREN HEINZ v. COMMAND FORCE SECURITY SYSTEMS, INC.</u>

    2.    Pursuant to Title 28 U.S.C. Section 1446 (a), the following documents are submitted herewith: (1) True and correct copies of all documents served on the defendant (only the summons and complaint have been served thus far) are attached as Exhibit "A", (2) A list of all counsel of record including addresses, telephone numbers and parties represented is attached as Exhibit "B", and (3) A copy of the Notice of Filing of Notice of Removal with the Superior Court of the State of Connecticut, Judicial District of Stamford-Norwalk at Stamford is attached as Exhibit "C". This Notice of Removal is thus being filed within 30 days after acceptance of

the service of process in the State Court action, as required by 28 U.S.C Section 1446 (b). Further, defendant **COMMAND FORCE** presents this Notice of Removal, without waiving any of their defenses that may exist.

3. The above-entitled action is one that may be removed to this court by Petitioner-Defendant herein as this action involves two parties with complete diversity of citizenship pursuant to 28 U.S.C Section 1332.

4. This action is properly removed to the United States District Court for the Connecticut District as that is the proper venue for this action because the State Court action was filed by the Plaintiff in the Superior Court of the State of Connecticut, in and for the Judicial District of Stamford-Norwalk at Stamford.

5. Defendant, **COMMAND FORCE,** consents to the removal of this action to the United States District for the District of Connecticut.

6. Promptly after filing this Notice of Removal, the undersigned, on behalf of Defendant, **COMMAND FORCE,** shall give written notice thereof to all parties, and shall file a copy of the Notice of Removal with the clerk of the Superior Court in the State of Connecticut, in and for the Judicial District of Stamford-Norwalk at Stamford.

**WHEREFORE,** Petitioners pray that the above action now pending against them in the Superior Court in the State of Connecticut, in and for the Judicial District of Stamford-Norwalk

at Stamford, be removed there from to the United States District Court for the District of Connecticut.

Dated: Valhalla, New York
June 5, 2003

                                        Yours, etc.,

                                        **KAUFMAN BORGEEST & RYAN LLP**

                                        By: _____
                                               Joan M. Gilbride (CT13836)
                                          Attorneys for Petitioner-Defendant
                                          **COMMAND FORCE SECURITY SYSTEMS, INC.**
                                          200 Summit Lake Drive
                                          Valhalla, New York 10595
                                          File No.: 328.002

To:    Joseph M. Mascaro
        Morrison, Mahoney & Miller, LLP
        ATTORNEYS FOR PLAINTIFF
        **GLEN FALLS INSURANCE COMPANY**
        **a/s/o HAROLD and LAUREN HEINZ**
        One Constitution Plaza
        Hartford, CT 06103
        (860) 616-4441

| SUMMONS - CIVIL (Except Family Actions) JD-CV-1 Rev. 1-2000 C.G.S. 51-346, 51-347, 51-349, 51-350, 52-45a | SUPERIOR COURT | "X" ONE OF THE FOLLOWING Amount, legal interest or property in demand, exclusive of interest and costs is: ☐ less than $2,500 ☐ $2,500 through $14,999.99 ☒ $15,000 or more ("X" if applicable) ☒ Claiming other relief in addition to or in lieu of money or damages. |
|---|---|---|

### INSTRUCTIONS
1. Prepare on typewriter, sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint

RETURN DATE (Must be a Tuesday) June 10, 2003

| ☒ JUDICIAL DISTRICT ☐ HOUSING SESSION ☐ G.A. NO. | AT (Town in which writ is returnable)(C.G.S. 51-346, 51-349) STAMFORD | CASE TYPE (See JD-CV-1c) Major T Minor 90 |
|---|---|---|
| ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code)(C.G.S. 51-347, 51-350) 123 HOYT STREET, STAMFORD, CONNECTICUT 06905 | | TELEPHONE NUMBER (with area code) 203-965-5307 |

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) | NOTE: Individual's Names Last, First, Middle Initial | ☐ Form JD-CV2 attached | PTY NO |
|---|---|---|---|---|
| FIRST NAMED PLAINTIFF | GLEN FALLS INSURANCE COMPANY, P.O. BOX 16020, READING, PA 19612-6020 a/s/o HAROLD & LAUREN HEINZ, 34 WILDWOOD DRIVE, WILTON, CT | | | 01 |
| Additional Plaintiff | | | | 02 |
| FIRST NAMED DEFENDANT | COMMAND FORCE SECURITY SYSTEMS, INC / OFFICE OF THE SECRETARY 81-03 252nd STREET BELLEROSE, NEW YORK 11426 | | | 50 |
| Additional Defendant | | | | 51 |
| Additional Defendant | | | | 52 |
| Additional Defendant | | | | 53 |

### NOTICE TO EACH DEFENDANT
1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE 05/06/03 | SIGNED (Sign and "X" proper box) [signature] | ☒ Comm. of Superior Court ☐ Assistant Clerk | TYPE NAME OF PERSON SIGNING AT LEFT Joseph M. Mascaro, Esq. |
|---|---|---|---|

### FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) Joseph M. Mascaro, Morrison, Mahoney & Miller, LLP, One Constitution Plaza, Hartford, CT 06103 | TELEPHONE NO. 860-616-4441 | JURIS NO. (If atty or law firm) 404459 |
|---|---|---|
| NAME AND RESIDENCE OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No. street, town and zip) I hereby certify that I have personal knowledge of the financial responsibility of the plaintiff and deem it sufficient to pay the costs. | | SIGNATURE OF PLAINTIFF IF PRO SE |

| # PLFS. 1 | # DEFS. 1 | # CNTS. 1 | SIGNED (Official taking recognizance; "X" proper box) [signature] | ☒ Comm. of Superior Court ☐ Assistant Clerk | For Court Use Only FILE DATE |
|---|---|---|---|---|---|

### IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the court.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

A TRUE COPY [signature]
OFF. PAUL VERILLE
STATE MARSHAL
FAIRFIELD COUNTY, CT

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

| | |
|---|---|
| RETURN DATE: JUNE 10, 2003 | SUPERIOR COURT |
| GLENS FALLS INSURANCE COMPANY a/s/o HAROLD AND LAUREN HEINZ | JUDICIAL DISTRICT OF |
| | STAMFORD-NORWALK AT STAMFORD |
| VS. | |
| COMMAND FORCE SECURITY SYSTEMS, INC. | MAY 5, 2003 |

## COMPLAINT

1. The plaintiff, Glens Falls Insurance Company, (hereinafter Glens Falls) is a Delaware corporation authorized to conduct the business of insurance, including the issuance of insurance coverage for fire loss, in the State of Connecticut.

2. At all times material to this action Harold and Lauren Heinz owned property located at 34 Wildwood Drive in the Town of Wilton, State of Connecticut, a single-family residence (hereinafter "premises") where they resided.

3. On or about July 23, 2001, Glens Falls provided insurance coverage, including coverage against fire loss, to Harold and Lauren Heinz for the premises and for the contents of the premises.

4. Glens Falls brings this action as subrogee of Harold and Lauren Heinz.

5. The defendant, COMMAND FORCE SECURITY SYSTEMS INC.(hereinafter Command Force), is a New York Corporation with a principle place of business at 81-03 252nd Street in the Town of Bellerose, State of New York. At all times material to this action, the defendant, Command Force, conducted business in the State of Connecticut, and Command

1

Force, was in the business of providing, selling, installing, servicing, repairing, and monitoring security systems, including smoke detectors and central station monitoring, to its customers.

6. On or about February 4, 2000 the defendant, Command Force, entered into a contract with Harold and Lauren Heinz wherein Command Force agreed to provide a security system, including smoke detectors and central station monitoring, at the premises.

7. On or about July 23, 2001, a fire broke out in the premises. The fire originated in a bedroom in the lower level of the premises. The premises and the contents therein were severely damaged by the fire. A substantial portion of the damage to the premises and to the contents of the premises was caused by the negligence and carelessness of the defendant, Command Force. Had the defendant, Command Force, not been negligent in one or more of the ways set forth below, then the fire in the premises would have been detected earlier than it was, the fire department would have been notified and responded sooner, the fire would have been confined to a smaller area and the damage to the premises and its contents would have been reduced.

8. The loss and damage to the premises and its contents were caused by the negligence and omissions of the defendant, Command Force, in one or more of the following ways, in that it:

    a. FAILED to advise the plaintiff's insureds, prior to July 23, 2001, of the proper design and/or installation of a fire detection/alarm system necessary to provide early detection and notification of any fire within the premises, although it could have and should have done so;

    b. FAILED to design a fire detection/alarm system sufficient to provide the necessary early detection and notification of any fire within the premises;

2

c. FAILED to install a fire detection/alarm system sufficient to provide the necessary early detection and notification of any fire within the premises;

d. FAILED to maintain a fire detection/alarm system sufficient to provide the necessary early detection and notification of any fire within the premises;

e. FAILED to recognize deficiencies in the location/arrangement of the fire detection/alarm system that it had installed within the premises;

f. FAILED to rectify deficiencies in the location/arrangement of the fire detection/alarm system that it had installed within the premises;

g. FAILED to contact the fire department immediately upon notification of a fire alarm coming from the premises, although it could have and should have done so;

h. FAILED to adhere to the rules, regulations, directives, standards, codes and/or laws established by local, state and/or national agencies and/or by professionals within the fire prevention industry.

i. FAILED to place a smoke/fire detector in all of the bedrooms of the premises;

j. FAILED to adequately consider and evaluate the design of the premises when installing and locating the smoke detectors at the premises;

k. FAILED to install a smoke detector just outside of the bedroom area in the lower level of the residence.

l. FAILED to train, instruct or supervise its employees on the appropriate arrangement and location of smoke detectors.

3

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

9. The defendant knew, or in the exercise of reasonable care, should have known, that the fire detection/alarm system it provided to Harold and Lauren Heinz was inadequate.

10. As a result of the fire and pursuant to its obligations under its insurance policy, Glens Falls has paid to and on behalf of its insureds over one million dollars. Glens Falls is subrogated to the rights of Harold and Lauren Heinz arising out of the damage to the premises, the damage to the contents of the premises, the associated living expenses incurred as a result of the damage to the premises and its contents, and is authorized to collect its insureds' deductible.

THE PLAINTIFF,
GLENS FALLS INSURANCE COMPANY

*[signature]*

Joel M. Fain
Joseph E. Mascaro
Morrison, Mahoney & Miller, LLP
One Constitution Plaza
Hartford, CT 06103

4

| | |
|---|---|
| RETURN DATE: JUNE 10, 2003 | SUPERIOR COURT |
| GLENS FALLS INSURANCE COMPANY a/s/o HAROLD AND LAUREN HEINZ | JUDICIAL DISTRICT OF STAMFORD-NORWALK |
| VS. | AT STAMFORD |
| COMMAND FORCE SECURITY SYSTEMS, INC. | MAY 5, 2003 |

## AMOUNT IN DEMAND

The plaintiff claims monetary damages in excess of $15,000, exclusive of costs and interest.

THE PLAINTIFF,
GLENS FALLS INSURANCE COMPANY

*(signature)*
Joel M. Fain
Joseph E. Mascaro
Morrison, Mahoney & Miller, LLP
One Constitution Plaza
Hartford, CT 06103

5

RETURN DATE: JUNE 10, 2003 : SUPERIOR COURT

GLENS FALLS INSURANCE : JUDICIAL DISTRICT OF
COMPANY    STAMFORD-NORWALK

VS. : AT STAMFORD

COMMAND FORCE SECURITY : MAY 5, 2003
SYSTEMS, INC.

### CLAIM FOR RELIEF

WHEREFORE, the plaintiff claims:

1. Money damages;

2. Interest and costs; and,

3. Such other legal or equitable relief as the court may deem necessary and appropriate.

THE PLAINTIFF,
GLENS FALLS INSURANCE COMPANY

_(signature)_
Joel M. Fain
Joseph E. Mascaro
Morrison, Mahoney & Miller, LLP
One Constitution Plaza
Hartford, CT 06103

6

**KAUFMAN BORGEEST & RYAN LLP**
Joan M. Gilbride (CT13836)
Attorneys for Petitioner-Defendant
**COMMAND FORCE SECURITY SYSTEMS, INC.**
200 Summit Lake Drive
Valhalla, New York 10595
914-741-6100

Joseph M. Mascaro
Morrison, Mahoney & Miller, LLP
ATTORNEYS FOR PLAINTIFF
**GLEN FALLS INSURANCE COMPANY a/s/o HAROLD and LAUREN HEINZ**
One Constitution Plaza
Hartford, CT 06103
(860) 616-4441

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------X

| | |
|---|---|
| GLEN FALLS INSURANCE COMPANY<br>a/s/o HAROLD and LAUREN HEINZ,<br><br>Plaintiff,<br><br>- against -<br><br>COMMAND FORCE SECURITY SYSTEMS, INC.,<br><br>Defendant. | Federal Docket No.:<br>State Court Docket No.:<br>CV-03-0195125-5<br><br>**NOTICE OF FILING OF**<br>**NOTICE OF REMOVAL**<br>**WITH STATE COURT** |

-----------------------------------------------------------------X

CAROL S. DOTY, an attorney duly licensed to practice law before Courts of the State of Connecticut, hereby affirms the following to be true under the penalty for perjury:

1. I am an associate with the law firm of KAUFMAN, BORGEEST & RYAN, attorneys for Petitioner-Defendant, **COMMAND FORCE SECURITY SYSTEMS, INC.,** (hereinafter **COMMAND FORCE**).

2. I have filed a copy of the Notice of Removal with the Superior Court of the State of Connecticut, Judicial District of Stamford-Norwalk at Stamford on this date, June 6, 2003.

Dated: New York, New York
       June 6, 2003

                              Yours, etc.,

                              KAUFMAN BORGEEST & RYAN LLP

                              _____
                              By:   Carol S. Doty
                              Attorneys for Petitioner-Defendant
                              **COMMAND FORCE SECURITY SYSTEMS,**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
---------------------------------------------------------------X

GLEN FALLS INSURANCE COMPANY　　　　　　Federal Docket No.:
a/s/o HAROLD and LAUREN HEINZ,　　　　　　　State Court Docket No.:
　　　　　　　　　　　　　　　　　　　　　　　　CV-03-0195125-S

　　　　　　　　　Plaintiff,　　　　　　　　　　　　NOTICE OF COMPLIANCE
　　　　　　　　　　　　　　　　　　　　　　　　**WITH STANDING ORDER**
　　- against –

COMMAND FORCE SECURITY SYSTEMS, INC.,

　　　　　　　　　Defendant.

---------------------------------------------------------------X

　　Petitioner-Defendant, **COMMAND FORCE SECURITY SYSTEMS, INC.,** (hereinafter **COMMAND FORCE**), by its attorneys **KAUFMAN BORGEEST & RYAN LLP**, filed this Notice of Compliance With Standing Order, and respectfully state as follows:

1. Defendant COMMAND FORCE first received this summons and complaint on or about June 8, 2003.

2. Defendant COMMAND FORCE was first served this summons and complaint on or about June 8, 2003.

3. Defendant COMMAND FORCE is not a citizen of Connecticut but rather is a New York State Corporation.

4. Plaintiff GLEN FALLS INSURANCE COMPANY is, upon information and belief, believed to be a Delaware Corporation.

5. Plaintiff's subrogor, non-parties to this action, HAROLD AND LAUREN HEINZ are, upon information and belief, believed to be Connecticut residents.

6. The Notice of Removal in this action has been filed within 30 days of the institution of this action.

Dated: Valhalla, New York
June 5, 2003

Yours, etc.,

**KAUFMAN BORGEEST & RYAN LLP**

By: *[signature]* Joan M. Gilbride (CT13836)
Attorneys for Petitioner-Defendant
**COMMAND FORCE SECURITY SYSTEMS, INC.**
200 Summit Lake Drive
Valhalla, New York 10595
File No.: 328.002

To: Joseph M. Mascaro
Morrison, Mahoney & Miller, LLP
ATTORNEYS FOR PLAINTIFF
**GLEN FALLS INSURANCE COMPANY
a/s/o HAROLD and LAUREN HEINZ**
One Constitution Plaza
Hartford, CT 06103
(860) 616-4441