KAUFMAN BORGEEST & RYAN LLP
JOAN M. GILBRIDE, ESQ. (CT13836)
200 Summit Lake Drive, First Floor
Valhalla, New York 10595
(914) 741-6100
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------X

GLENS FALLS INSURANCE COMPANY
a/s/o HAROLD and LAUREN HEINZ,

      Plaintiff,

- against –

COMMAND FORCE SECURITY SYSTEMS, INC.,

      Defendant.

-------------------------------------------------------------X

Civil Action No.: 303 CV 105 (DJS)

(Dominic J. Squatrito, U.S.D.J.)
Hartford Courthouse

**ANSWER**

    Defendant, **COMMAND FORCE SECURITY SYSTEMS, INC.**, by its attorneys **KAUFMAN BORGEEST & RYAN LLP**, as and for its Answer to Plaintiff's Complaint, states and alleges upon information and belief:

    FIRST:    Answering Defendant denies knowledge or information sufficient to form a belief as to paragraph "1" of the Plaintiff's Complaint.

    SECOND:    Answering Defendant denies knowledge or information sufficient to form a belief as to paragraph "2" of the Plaintiff's Complaint.

    THIRD:    Answering Defendant denies knowledge or information sufficient to form a belief as to paragraph "3" of the Plaintiff's Complaint.

200192

-1-

FOURTH: Answering Defendant denies knowledge or information sufficient to form a belief as to paragraph "4" of the Plaintiff's Complaint.

FIFTH: Answering Defendant denies the truth of the allegations contained in paragraph "5" of Plaintiff's Complaint except admits the Defendant, COMMAND FORCE SECURITY SYSTEMS, INC. (hereinafter Command Force), is a New York Corporation with a principle place of business at 81-03 252nd Street in the Town of Bellerose, State of New York, and is in the business of selling and installing fire and smoke detection alarm systems and respectfully refers all questions of law to the Court.

SIXTH: Answering Defendant denies the truth of the allegations contained in paragraph "6" of Plaintiff's Complaint except admits that Command Force entered into a contract on or about February 4, 2000 and respectfully refers to the terms and conditions of the contract and respectfully refers all questions of law to the Court.

SEVENTH: Answering Defendant denies the truth of the allegations contained in paragraph "7" of Plaintiff's Complaint and respectfully refers all questions of law to the Court.

EIGHTH: Answering Defendant denies the truth of the allegations contained in paragraph "8" of Plaintiff's Complaint and respectfully refers all questions of law to the Court.

NINTH: Answering Defendant denies the truth of the allegations contained in paragraph "8a" and respectfully refers all questions of law to the Court.

TENTH: Answering Defendant denies the truth of the allegations contained in paragraph "8b" of Plaintiff's Complaint and respectfully refers all questions of law to the Court.

ELEVENTH: Answering Defendant denies the truth of the allegations contained in paragraph "8c" of Plaintiff's Complaint and respectfully refers all questions of law to the Court.

TWELFTH: Answering Defendant denies the truth of the allegations contained in paragraph "8d" of Plaintiff's Complaint and respectfully refers all questions of law to the Court.

THIRTEENTH: Answering Defendant denies the truth of the allegations contained in paragraph "8e" of Plaintiff's Complaint of Plaintiff's Complaint and respectfully refers all questions of law to the Court.

FOURTEENTH: Answering Defendant denies the truth of the allegations contained in paragraph "8f" of Plaintiff's Complaint and respectfully refers all questions of law to the Court.

FIFTEENTH: Answering Defendant denies the truth of the allegations contained in paragraph "8g" of Plaintiff's Complaint and respectfully refers all questions of law to the Court.

SIXTEENTH: Answering Defendant denies the truth of the allegations contained in paragraph "8h" of Plaintiff's Complaint and respectfully refers all questions of law to the Court.

SEVENTEENTH: Answering Defendant denies the truth of the allegations contained in paragraph "8i" of Plaintiff's Complaint and respectfully refers all questions of law to the Court.

EIGHTEENTH: Answering Defendant denies the truth of the allegations contained in paragraph "8j" of Plaintiff's Complaint and respectfully refers all questions of law to the Court.

NINETEENTH: Answering Defendant denies the truth of the allegations contained in paragraph "8k" of Plaintiff's Complaint and respectfully refers all questions of law to the Court.

TWENTIETH:       Answering Defendant denies the truth of the allegations contained in paragraph "8l" of Plaintiff's Complaint and respectfully refers all questions of law to the Court.

TWENTY-FIRST:    Answering Defendant denies the truth of the allegations contained in paragraph "9" of Plaintiff's Complaint and respectfully refers all questions of law to the Court.

TWENTY-SECOND: Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Plaintiff's Complaint and respectfully refers all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-THIRD:    Whatever damages Plaintiff may have sustained at the time and place mentioned in the Complaint and/or as a result of the occurrence alleged in the Complaint, all of which is denied by this Answering Defendant, were caused in whole or in part by the culpable conduct of the Plaintiff GLENS FALLS INSURANCE COMPANY, or its insureds, HAROLD & LAUREN HEINZ. The amount of damages recovered, if any, shall therefore be diminished in the proportion which the culpable conduct, attributable to Plaintiff GLENS FALLS INSURANCE COMPANY or its assureds, HAROLD & LAUREN HEINZ, bears to the culpable conduct which caused said injuries.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-FOURTH: The injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom Answering Defendant neither had nor exercised control.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-FIFTH:    Plaintiff failed to mitigate its damages.

200192

-4-

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH: Upon information and belief, the negligence of the homeowners, HAROLD & LAUREN HEINZ, constitutes a superseding, intervening cause and was the sole proximate cause of the subject fire rather than any negligence of the defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: Upon information and belief, the Heinz's, who had previous experience with and had utilized the serves of Command Force, assisted in the design of the fire detection/alarm system. Upon information and belief, this system was requested by the Heinz's based on the requests of their insurance company, believed to be the plaintiff, GLENS FALLS INSURANCE COMPANY. The plaintiff thereafter neither inspected nor complained of the installed system until after the fire.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

THIRTY-FIRST: Upon information and belief, Answering Defendant was not and is not in privity with the Plaintiff, GLENS FALLS INSURANCE COMPANY a/s/o HAROLD & LAUREN HEINZ.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTY-SECOND: Plaintiff and or its subrogors are contributorily negligent for all damages alleged within the complaint.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

THIRTY-THIRD: Upon information and belief, the Heinz's negligently left electrical appliances, including but not limited to a lamp on, when not home and/or freely permitted their cat to roam the subject premises which was the sole proximate cause of the fire.

200192

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH: Plaintiff and or its subrogors assumed the risk of all damages alleged within its complaint.

WHEREFORE, Answering Defendant, **COMMAND FORCE SECURITY SYSTEMS, INC.**, hereby demands judgment dismissing the Plaintiff's Complaint herein, together with the costs and disbursements of this action, including attorneys' fees, and for such other, further and different relief and this Court may deem just and proper.

Dated: Valhalla, New York
June 12, 2003

Yours, etc.,

KAUFMAN BORGEEST & RYAN LLP

_____
Joan M. Gilbride
Attorneys for the Defendant (CT13836)
**COMMAND FORCE SECURITY SYSTEMS, INC.**
200 Summit Lake Drive, First Floor
Valhalla, New York 10595
(914) 741-6100
File No. 328.002

To:  Morrison, Mahoney & Miller, LLP
     Attorneys for Plaintiff
     GLENS FALLS INSURANCE COMPANY
     a/s/o HAROLD AND LAUREN HEINZ
     One Constitution Plaza
     Hartford, Connecticut 06103

200192

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X

GLENS FALLS INSURANCE COMPANY
a/s/o HAROLD and LAUREN HEINZ,

        Plaintiff,

- against -

COMMAND FORCE SECURITY SYSTEMS, INC.,

        Defendant.

------------------------------------------------------------X

Civil Action No.: 303 CV 105

(Dominic J. Squatrito, U.S.D.J.)
Hartford Courthouse

**LOCAL DISCLOSURE STATEMENT**

Pursuant to the Order regarding Disclosure Statement and to enable judges and the Court to evaluate possible disqualifications or recusal, the undersigned attorney of record for **COMMAND FORCE SECURITY SYSTEMS, INC.** certifies that there exist no corporate parents, subsidiaries, or affiliates of the Answering Defendant.

Dated: Valhalla, New York
       June 12, 2003

                                            Yours, etc.,

                                            KAUFMAN BORGEEST & RYAN LLP

                                            Joan M. Gilbride (CT13836)
                                            Attorneys for the Defendant
                                            **COMMAND FORCE SECURITY
                                              SYSTEMS, INC.**
                                            200 Summit Lake Drive, First Floor
                                            Valhalla, New York 10595
                                            (914) 741-6100
                                            File No. 328.002

To:    Morrison, Mahoney & Miller, LLP

200317

Attorneys for Plaintiff
GLENS FALLS INSURANCE COMPANY
a/s/o HAROLD AND LAUREN HEINZ
One Constitution Plaza
Hartford, Connecticut 06103

200317

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF WESTCHESTER     )

LISA DIMELE, being duly sworn, deposes and says:

That deponent is not a party to this action, is over 18 years of age and resides in Westchester County, New York.

That on the 16th day of June, 2003 deponent served the within

### ANSWER and LOCAL DISCLOSURE STATEMENT

upon:

>Joseph M. Mascaro
>Morrison, Mahoney & Miller, LLP
>ATTORNEYS FOR PLAINTIFF
>**GLENS FALLS INSURANCE COMPANY**
>**a/s/o HAROLD and LAUREN HEINZ**
>One Constitution Plaza
>Hartford, CT  06103
>(860) 616-4441

The attorneys for the respective parties in this action at the above addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a properly addressed envelope, in a post office official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
LISA DIMELE

Sworn to before me this
16th day of June, 2003

_____
Notary Public

NANCY BARBATO
NOTARY PUBLIC, State of New York
No. 01BA6024218
Qualified in Westchester County
Commission Expires 5/3/07