

DEFENDANT'S EXHIBIT

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GLENS FALLS INSURANCE COMPANY :     CIVIL ACTION NO. 303 CV 1015 (DJS)
a/s/o HAROLD and LAUREN HEINZ
     Plaintiff

   against                  :
                           :

COMMAND FORCE SECURITY       :       NOVEMBER 11, 2003
SYSTEMS, INC.
     Defendant.

### **NOTICE OF COMPLIANCE**

The Plaintiffs, Glen Falls Insurance Company a/s/o Harold and Lauren Heinz, hereby

gives notice that it has complied with the defendant's Interrogatories and Requests for

Production, dated August 22, 2003, and that said responses are attached hereto.

                 THE PLAINTIFFS,
                 GLENS FALLS INSURANCE COMPANY
                 a/s/o HAROLD and LAUREN HEINZ

                 By _Joseph E. Mascaro_
                 Joseph E. Mascaro, Esq. – CT 12736
                 Morrison, Mahoney & Miller, LLP
                 One Constitution Plaza, 10th Floor
                 Hartford, CT 06103
                 (860) 616-4441

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was mailed to the following parties of record postage prepaid this _____ day of November, 2003, as follows:

Attorney Joan M. Gilbride
Kaufman, Borgeest & Ryan, LLP
200 Summit Lake Drive
Valhalla, NY 10595


Joseph E. Mascaro

2

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GLENS FALLS INSURANCE COMPANY :          CIVIL ACTION NO. 303 CV 1015 (DJS)
a/s/o HAROLD and LAUREN HEINZ
    Plaintiff

  against                            :
                                   :

COMMAND FORCE SECURITY       :          AUGUST 22, 2003
SYSTEMS, INC.
    Defendant.

## DEFENDANT'S INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure **KAUFMAN BORGEEST & RYAN LLP**, counsel for defendant, **COMMAND FORCE SECURITY SYSTEMS, INC.**, hereby propounds and serves the following written Interrogatories to be answered under oath by the plaintiff **GLENS FALLS INSURANCE COMPANY a/s/o HAROLD and LAUREN HEINZ** within thirty (30) days from the date of service hereof. Upon completion of the answers, the plaintiff should execute the attached declaration.

## DEFINITIONS

Please refer to Local Rule 39 of the Rules of Procedure for the district of Connecticut for the applicable definitions. In addition, the following specific definitions apply to these discovery requests in accordance with Local Rule 39(a):

A.     **"Any"** means "all" and vice versa.

B.     **"Identify"** with respect to persons means that the following information will be provided, to the extent known:

        (a)     the person's full name;

1

    (b)     present or last known address;
    (c)     present or last known place of employment; and
    (d)     once a person has been identified in accordance with this sub-paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

C.    **"Identify"** with respect to a document means that the following information will be provided:

    (a)     the type of document (e.g., letter, memo, etc.) and its title or the name by which it is referred;

    (b)     the date of the document;

    (c)     the identity of all persons participating in the creation of the document including the identity of the author and person signing the document, in accordance with section "B" supra;

    (d)     the identity of each person to whom the document was addressed or sent;

    (e)     the present location of the original and all copies and the name of the custodian of the documents; and

    (f)     a general description of the subject matter of the document.

D.    **"Identify"** with respect to a communication means that the following information will be provided:

    (a)     the full name and last known address of each person participating in, or present during, the communication'

    (b)     the name of the employer for each person participating in, or present during, the communication;

    (c)     the place the communication was made;

    (d)     the date the communication was made; and,

    (e)     the subject matter of the communication.

E.    **"Person"** shall mean any natural person or any business, legal or governmental entity or association.

F.    **"Document"** shall mean writings, drawings, grafts, charts, photographs, videotapes, phone records, computer discs, e-mail and other data compilations from which

2

information can be obtained and/or translated, if necessary, by the respondent through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

G.  **"Communication"** shall mean the transmittal of information (in the form of facts, ideas, inquires or otherwise).

H.  **"Plaintiff"** shall mean **GLEN FALLS INSURANCE COMPANY a/s/o HAROLD and LAUREN HEINZ.**

I.  **"Parties"** shall mean the "plaintiff" and "defendant"; as well as the party's full or abbreviated name or a pronoun referring to a party. Where applicable, **"parties"** may also refer to officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

J.  **"Complaint"** shall mean the Complaint filed by the Plaintiff herein.

K.  **"Subject Fire"** shall mean the fire that occurred on July 23, 2001.

L.  **"Premises"** shall mean the real property and the house located at 34 Wildwood Drive, Town of Wilton, State of Connecticut.

M.  **"Concerning"** shall mean relating to, referring to, describing, evidencing or constituting.

N.  **"State"** shall mean to express in words.

3

O.     **"And/Or"** shall mean "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of discovery request all responses that might otherwise be construed to be outside the scope.

P.     **"All/Each** shall mean "all" and/or "each".

Q.     The use of the singular form of any word includes the plural and vice versa.

R.     **"Security System"** shall mean smoke detectors, central station monitoring, alarms, and any other items or systems designed and installed by the defendant at the property located at 34 Wildwood Drive, Wilton, Connecticut.

## INSTRUCTIONS

S.     Pursuant to Federal Rules of Civil Procedure, Rule 33(b)(1) each interrogatory shall be answered separately and fully in writing under oath.

T.     No answer is to be left blank.  If the answer to an interrogatory or sub-paragraph of an interrogatory is "none", the word "none" must be written in the answer.  If the interrogatory is "not-applicable" the abbreviation "N/A" must be written in the answer.

U.     The answers are to be signed by the person making them; and the objections signed by the attorney making them.

V.     All grounds for an objection to an interrogatory shall be stated with specificity. The objecting party shall state the reasons for the objection and shall answer to the extent the interrogatory is not objectionable.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

4

W.    Each answer to each interrogatory shall be preceded by the question to which it responds.

X.    If you assert any privilege in responding to these Interrogatories, the basis of the privilege is to be stated in full:

        (a)    the type of privilege asserted or reason why you contend it is confidential;

        (b)    specify the basis for the assertion; and,

        (c)    identify the communication or document.

Y.    Each person consulted in answering any Interrogatory shall be identified in the body of the answer to the particular Interrogatory.

Z.    The information requested in these interrogatories is governed by the definitions and instructions, and each interrogatory must be answered in compliance with the definitions and instructions.

Defendant's interrogatories are of a continuing character. The plaintiff must promptly supply, by means of supplemental answers, all additional responsive information that may become known to the plaintiff or its' attorneys prior to the trial of this action, including, but not limited to, the identity of each person plaintiff expects to call as a witness or expert witness at trial.

## **INTERROGATORIES**

1.    Identify all/each document(s) in the possession of GLENS FALLS INSURANCE COMPANY or its subrogors, HAROLD and LAUREN HEINZ, which demonstrate that prior to or on February 4, 2000, HAROLD and/or LAUREN HEINZ hired,

5

retained and/or contracted with COMMAND FORCE SECURITY SYSTEMS, INC., to provide a security system, including smoke detectors and central station monitoring at the premises as is alleged in ¶ "6" of Plaintiff's Complaint.

**ANSWER:**

**Copy of contract between the defendant and Harold and Lauren Heinz is attached.**

2.     Identify all items of personal and/or real property, damaged or destroyed at the premises as a result of the fire as claimed in ¶ "7" of Plaintiff's Complaint.

**ANSWER:**

**All of this information is contained in the material attached.**

3.     Identify any act, event, fact, document or communication by COMMAND FORCE SECURITY SYSTEMS, INC., its agents and/or employees, which Plaintiff alleges to constitute negligence and/or omissions in ¶ "8" of Plaintiff's Complaint.

**ANSWER:**

**The specific allegations of negligence are set forth in Paragraph 8(a)-(1). Additionally, further information will be provided by the plaintiff when it discloses its experts.**

4.     Identify each document, including but not limited to, a Proof of Loss Statement, and the subrogation receipt, demonstrating that GLENS FALLS INSURANCE COMPANY paid HAROLD and LAUREN HEINZ in excess of $1 million dollars for the damage to the real and personal property and associated living expenses as alleged in ¶ "10" of the Plaintiff's Complaint and became subrogated through HAROLD and LAUREN HEINZ's rights against

6

Defendant, COMMAND FORCE SECURITY SYSTEMS, INC. These documents should include any and all writings which are different from, or in addition to, the alleged contract mentioned in ¶ "6" of Plaintiff's Complaint.

**ANSWER:**

**The documents demonstrating the amount paid by the plaintiff are attached.**

5.     Identify each document, including but not limited to, proposals, invoices, contracts and other correspondence, payments, payment receipts and cancelled checks between plaintiff, the HEINZ's and COMMAND FORCE for the design, installation and/or monitoring of the alarm system as referenced in Plaintiff's Complaint.

**ANSWER:**

**Contract is attached.**

6.     Identify person or persons who acted as claims examiner or supervisor for the GLENS FALLS INSURANCE COMPANY who investigated, adjusted and/or made determination to pay the claim filed by its insureds, HAROLD and LAUREN HEINZ.

**ANSWER:**

**Jake Mollenkopf, General Adjuster**
**Mike Moeller, Home Office Examiner.**

7.     Identify each document regarding a compilation of damages prepared by, or for, GLENS FALLS INSURANCE COMPANY, prior to the payment made by it to HAROLD and LAUREN HEINZ, for the alleged loss of personal and real property.

**ANSWER:**

**This material is attached.**

7

8.    Identify any and all documents including, but not limited to, photographs and/or videotapes taken, adjuster's files, investigative reports or other documents relied upon by any person, agent, servant or employee of GLENS FALLS INSURANCE COMPANY as a result of the fire and or damage to real and/or personal property at the premises.

**ANSWER:**

**This material is attached.**

9.    Identify copies of any reservation of rights, disclaimer letters or other correspondence by GLENS FALLS INSURANCE COMPANY to HAROLD and/or LAUREN HEINZ before, or after, and/or as a result of, the fire in question.

**ANSWER:**

**If applicable, this information is attached.**

10.    Identify any documentation supplied by, or to, GLENS FALLS INSURANCE COMPANY, its insureds, agents, servants or employees, in order for GLENS FALLS INSURANCE COMPANY to prepare an inventory list of the damages, whether to personal or real property, at the subject premises.

**ANSWER:**

**This information is attached.**

11.    Identify the number of occasions, by date, that HAROLD and/or LAUREN HEINZ met with employees of COMMAND FORCE SECURITY SYSTEMS, INC. at their home, to convey to COMMAND FORCE SECURITY SYSTEMS, INC. what type of security system they desired in their home.

8

**ANSWER:**

**Plaintiff is uncertain as to how many occasions that Harold and Lauren Heinz met with Command Force Security Systems, Inc.**

12.    Identify each fact, act, document or communication which evidences that defendant, COMMAND FORCE SECURITY SYSTEMS, INC., failed to advise the Plaintiff's insured of the proper design and/or installation of a fire detection/alarm system necessary to provide early detection and notification of any fire within the premises as is alleged in ¶ 8(a) of Plaintiff's Complaint.

**ANSWER:**

**Specific allegations of negligence are contained in the plaintiff's complaint. Additionally, further information will be provided when the plaintiff discloses its experts.**

13.    Identify each fact, act, document or communication which evidences that defendant, COMMAND FORCE SECURITY SYSTEMS, INC., failed to design a fire detection/alarm system sufficient to provide the necessary early detection and notification of any fire within the premises as is alleged in ¶ 8(b) of Plaintiff's Complaint.

**ANSWER:**

**Specific allegations of negligence are contained in the plaintiff's complaint. Additionally, further information will be provided when the plaintiff discloses its experts.**

14.    Identify each fact, act, document or communication which evidences that defendant, COMMAND FORCE SECURITY SYSTEMS, INC., failed to install a fire

9

detection/alarm system sufficient to provide the necessary early detection and notification of any fire within the premises as is alleged in ¶ 8(c) of Plaintiff's Complaint.

**ANSWER:**

**Specific allegations of negligence are contained in the plaintiff's complaint. Additionally, further information will be provided when the plaintiff discloses its experts.**

15.    Identify each fact, act, document or communication which evidences that defendant, COMMAND FORCE SECURITY SYSTEMS, INC., failed to maintain a fire detection/alarm system sufficient to provide the necessary early detection and notification of any fire within the premises as is alleged in ¶ 8(d) of Plaintiff's Complaint.

**ANSWER:**

**Specific allegations of negligence are contained in the plaintiff's complaint. Additionally, further information will be provided when the plaintiff discloses its experts.**

16.    Identify each fact, act, document or communication which evidences that defendant, COMMAND FORCE SECURITY SYSTEMS, INC., failed to recognize the deficiencies in the location/arrangement of the fire detection/alarm system that it installed on the premises as is alleged in ¶ 8(e) of Plaintiff's Complaint.

**ANSWER:**

**Specific allegations of negligence are contained in the plaintiff's complaint. Additionally, further information will be provided when the plaintiff discloses its experts.**

17.    Identify each fact, act, document or communication which evidences that defendant, COMMAND FORCE SECURITY SYSTEMS, INC., failed to rectify deficiencies in

10

the location/arrangement of the fire detection/alarm system that it had installed within the premises as is alleged in ¶ 8(f) of Plaintiff's Complaint.

**ANSWER:**

**Specific allegations of negligence are contained in the plaintiff's complaint. Additionally, further information will be provided when the plaintiff discloses its experts.**

18.    Identify each fact, act, document or communication which evidences that defendant, COMMAND FORCE SECURITY SYSTEMS, INC., failed to contact the fire department immediately upon notification of a fire alarm coming from the premises, although it could have and should have done so, as is alleged in ¶ 8(g) of Plaintiff's Complaint.

**ANSWER:**

**Attached is Wilton Fire Department Report and a Subscriber Activity Report.**

19.    Identify each fact, act, document or communication which evidences that defendant, COMMAND FORCE SECURITY SYSTEMS, INC., failed to adhere to the rules, regulations, directives, standards, codes and/or laws established by local, state and/or national agencies and/or by professionals within the fire prevention industry as is alleged in ¶ 8(h) of Plaintiff's Complaint.  Further identify each rule, regulation, directive, standard, code or law upon which Plaintiff will rely.  A statement that the Court will take judicial notice is not sufficient.

**ANSWER:**

**This information will be contained in the plaintiff's Disclosure of Experts.**

11

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

20.    Identify each fact, act, document or communication which evidences that defendant, COMMAND FORCE SECURITY SYSTEMS, INC., failed to place a smoke detector in all of the bedrooms of an existing (not new) premises as is alleged in ¶ 8(i) of Plaintiff's Complaint.

**ANSWER:**

**Contract between Harold and Lauren Heinz is attached. Additional information will be provided when plaintiff discloses its experts.**

21.    Identify each fact, act, document or communication which evidences that defendant, COMMAND FORCE SECURITY SYSTEMS, INC., failed to adequately consider and evaluate the design of the premises when installing and locating the smoke detectors at the premises as is alleged in ¶ 8(j) of Plaintiff's Complaint.

**ANSWER:**

**Specific allegations of negligence are contained in the plaintiff's complaint. Additionally, further information will be provided when the plaintiff discloses its experts.**

22.    Identify each fact, act, document or communication which evidences that defendant, COMMAND FORCE SECURITY SYSTEMS, INC., failed to install a smoke detector just outside of the bedroom area in the lower level of the residence as is alleged in ¶ 8(k) of Plaintiff's Complaint.

**ANSWER:**

**Specific allegations of negligence are contained in the plaintiff's complaint. Additionally, further information will be provided when the plaintiff discloses its experts.**

12

23.    Identify each fact, act, document or communication which evidences that defendant, COMMAND FORCE SECURITY SYSTEMS, INC., failed to train, instruct or supervise its employees on the appropriate arrangement and location of smoke detectors as is alleged in ¶ 8(l) of Plaintiff's Complaint.

**ANSWER:**

**Specific allegations of negligence are contained in the plaintiff's complaint. Additionally, further information will be provided when the plaintiff discloses its experts.**

24.    Identify each fact, act, document or communication which evidences that defendant, COMMAND FORCE SECURITY SYSTEMS, INC., knew or should have known that the fire detection/alarm system it provided to HAROLD and LAUREN HEINZ was inadequate as is alleged in ¶ 9 of Plaintiff's Complaint.

**ANSWER:**

**Specific allegations of negligence are contained in the plaintiff's complaint. Additionally, further information will be provided when the plaintiff discloses its experts.**

25.    Identify the number of times, by date, that HAROLD and/or LAUREN HEINZ contracted Command Force to provide services, before and after July 23, 2001, to any residential or commercial property owned and/or operated by the HEINZ's.

**ANSWER:**

**Plaintiff is aware of two contracts between the plaintiff and Harold and Lauren Heinz.**

13

These interrogatories shall be deemed continuing so as to require supplemental responses if additional information is discovered or received from the time of original production to the time of final judgment in this matter.

Yours, etc.,

**THE DEFENDANT**
**COMMAND FORCE SECURITY**
 **SYSTEMS, INC.**

By:_____
      **Carol S. Doty, Esq.** (CT2497)
      Kaufman Borgeest & Ryan LLP
      99 Park Avenue – 19th Floor
      New York, New York 10016
      (212) 980-9600
      (212) 980-9291 (Facsimile)
      cdoty@kbrny.com

## <u>Certification</u>

I hereby certify that a copy of the foregoing was mailed to the following parties of record, postage prepaid the 22nd day of August 2003, as follows:

Joseph E. Mascaro, Esq.
Morrison, Mahoney & Miller, LLP
One Constitution Plaza
Hartford, Connecticut 06103
(860) 616-4441

_____
      Carol S. Doty, Esq.

14

## PLAINTIFF'S CERTIFICATION

I  *JOHN C. MOLLENKOPF*  hereby certify that I have reviewed the above Interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

_____
Name of Plaintiff

Subscribed and sworn to before me this 5th day of Nov., 2003.

_____
Notary Public/
Commissioner of the Superior Court

MARY ANN COUTS
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES DEC. 30, 2007

15

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GLENS FALLS INSURANCE COMPANY :          CIVIL ACTION NO. 303 CV 1015 (DJS)
a/s/o HAROLD and LAUREN HEINZ
    Plaintiff

  against                     :

COMMAND FORCE SECURITY       :          AUGUST 22, 2003
  SYSTEMS, INC.
      Defendant.

## DEFENDANT'S REQUEST FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, **COMMAND FORCE**

**SECURITY SYSTEMS, INC.,** by its attorneys, **KAUFMAN BORGEEST & RYAN LLP,**

request that Plaintiff, **GLENS FALLS INSURANCE COMPANY** a/s/o **HAROLD and**

**LAUREN HEINZ,** produce the following documents in its possession, or the possession of its

agents, servants and/or employees:

1.     Copies of all documents which demonstrate that **HAROLD and LAUREN**

**HEINZ,** were the owners of real property, including the home located at 34 Wildwood Drive,

Town of Wilton, State of Connecticut, hereinafter referred to as the "premises."

    **ANSWER: Attached.**

2.     Copies of all documents in the possession of **GLENS FALLS INSURANCE**

**COMPANY** or its subrogor, **HAROLD and LAUREN HEINZ,** which demonstrate that prior

to or on July 23, 2001, **HAROLD and LAUREN HEINZ,** hired, retained and/or contracted

with **COMMAND FORCE SECURITY SYSTEMS, INC.,** to provide a security system,

including smoke detectors and central station monitoring.

1

**ANSWER:  Copy of Contract Attached.**

3.      Copies of all documents, pictures or other artifacts in whatever form, of personal and/or real property, damaged or destroyed from the premises as a result of the claimed fire.

**ANSWER:  Attached.**

4.      Copies of all documents from any source of any act, event, fact, document or communication by **COMMAND FORCE SECURITY SYSTEMS, INC.**, its agents and/or employees, which plaintiff alleges to constitute negligence and/or carelessness.

**ANSWER:  Specific allegations of negligence are contained in the Complaint.**

5.      Copies of all documents demonstrating that **HAROLD and/or LAUREN HEINZ** were insured with plaintiff **GLENS FALLS INSURANCE COMPANY** for the time of the alleged fire, including, but not limited to, a copy of the insurance policy and pre and/or post-fire correspondence between **HAROLD and/or LAUREN HEINZ** and **GLENS FALLS INSURANCE COMPANY**, related to the premises at 34 Wildwood Drive, Wilton, Connecticut.

**ANSWER:  Attached.**

6.      Copies of all documents, including, but not limited to, a Proof of Loss Statement, and the subrogation receipt, demonstrating that **GLENS FALLS INSURANCE COMPANY** paid **HAROLD and LAUREN HEINZ** in excess of $1,000,000 for the alleged damage to property located on the premises, and copies of all documents, including, but not limited to, the Proof of Loss Statement and the subrogation receipt permitting **GLENS FALLS INSURANCE COMPANY** to be subrogated through **HAROLD and LAUREN HEINZ'S**

2

rights against Defendant **COMMAND FORCE SECURITY SYSTEMS, INC.**  This should include any and all writings, which are different from, or in addition to, the alleged contract.

>   **ANSWER:  Attached.**

7.      Copies of all documents, of any kind and in whatever form, received from any source, allegedly evidencing that **COMMAND FORCE SECURITY SYSTEMS, INC.,** failed to properly design the security system at the subject premises.  This includes, but is not limited to, copies of any investigative reports or expert reports, solicited by or received from, **GLENS FALLS INSURANCE COMPANY**, commenting on the system installed by **COMMAND FORCE SECURITY SYSTEMS, INC.**

>   **ANSWER:  Expert Reports will be disclosed.**

8.      Copies of all documents, of any kind and in whatever form, received from any source, allegedly evidencing that **COMMAND FORCE SECURITY SYSTEMS, INC.** installed the security system in a defective and dangerous manner at the subject premises.  This includes, but is not limited to, copies of any investigative reports or expert reports, solicited by or received from **GLENS FALLS INSURANCE COMPANY**, commenting on the system installed by **COMMAND FORCE SECURITY SYSTEMS, INC.**

>   **ANSWER:  Expert Reports will be disclosed.**

9.      Copies of all documents of any kind and in whatever form, received from any source, allegedly evidencing that **COMMAND FORCE SECURITY SYSTEMS, INC.** failed to properly monitor the security system at the subject premises.  This includes, but is not limited to, copies of any investigative reports, or expert reports, solicited by or received from

3

**GLENS FALLS INSURANCE COMPANY**, commenting on the system installed by **COMMAND FORCE SECURITY SYSTEMS, INC.**

     **ANSWER: Expert Reports will be disclosed.**

     10.    Copies of all documents, of any kind and in whatever form, received from any source, allegedly evidencing that **COMMAND FORCE SECURITY SYSTEMS, INC.** designed and installed the fire detection/alarm system so that it allegedly failed to provide, install and/or maintain early detection and notification of any fire within the premises. This includes, but is not limited to, copies of any investigative reports or expert reports, solicited by or received form **GLENS FALLS INSURANCE COMPANY**, commenting on the system installed by **COMMAND FORCE SECURITY SYSTEMS, INC.**

     **ANSWER: Expert Reports will be disclosed.**

     11.    Copies of all documents, of any kind and in whatever form, received from any source, allegedly evidencing that **COMMAND FORCE SECURITY SYSTEMS, INC.** failed to recognize deficiencies in the location/arrangement of the fire detection/alarm system that it had installed within the premises, this includes, but is not limited to, copies of any investigative reports or expert reports, solicited by or received from **GLENS FALLS INSURANCE COMPANY**, commenting on the system installed by **COMMAND FORCE SECURITY SYSTEMS, INC.**

     **ANSWER: Expert Reports will be disclosed.**

     12.    Copies of all documents, of any kind and in whatever form, received from any source, allegedly evidencing that **COMMAND FORCE SECURITY SYSTEMS, INC.**,

4

failed to rectify deficiencies in the location/arrangement of the fire detection/alarm system that it had installed within the premises. This includes, but is not limited to, copies of any investigative reports or expert reports, solicited by or received from **GLENS FALLS INSURANCE COMPANY**, commenting on the system installed by **COMMAND FORCE SECURITY SYSTEMS, INC.**

**ANSWER: Expert Reports will be disclosed.**

13. Copies of any and all documents, of any kind and in whatever form, allegedly evidencing any, and/or all, express or implied warranties made by **COMMAND FORCE SECURITY SYSTEMS, INC.**, to **HAROLD and/or LAUREN HEINZ.**

**ANSWER: Copy of contract attached.**

14. Copies of any and all documents, of any kind and in whatever form, allegedly evidencing that **COMMAND FORCE SECURITY SYSTEMS, INC.**, failed to contact the Fire Department immediately upon notification of a fire alarm coming from the premises, although it could have and should have done so. This includes, but is not limited to, copies of any investigative reports or expert reports, solicited by or received from **GLENS FALLS INSURANCE COMPANY**, commenting on the system installed by **COMMAND FORCE SECURITY SYSTEMS, INC.**

**ANSWER: Fire department reports attached.**

15. Copies of any and all documents, of any kind and in whatever form, allegedly evidencing that **COMMAND FORCE SECURITY SYSTEMS, INC.**, failed to adhere to the rules, regulations, directives, standards, codes and/or laws established by local, state and/or

5

national agencies and/or by professionals within the fire prevention industry. This includes, but is not limited to, copies of any investigative reports or expert reports, solicited by or received from **GLENS FALLS INSURANCE COMPANY**, commenting on the system installed by **COMMAND FORCE SECURITY SYSTEMS, INC.**

     **ANSWER: Expert Reports will be disclosed.**

     16.    Copies of any and all documents, of any kind and in whatever form, allegedly evidencing that **COMMAND FORCE SECURITY SYSTEMS, INC.,** was supposed to place smoke/fire detectors in all of the bedrooms of the premises. This includes, but is not limited to, copies of any investigative reports or expert reports, solicited by or received from **GLENS FALLS INSURANCE COMPANY**, commenting on the system installed by **COMMAND FORCE SECURITY SYSTEMS, INC.**

     **ANSWER: Expert Reports will be disclosed.**

     17.    Copies of any and all documents, of any kind and in whatever form, allegedly evidencing that **COMMAND FORCE SECURITY SYSTEMS, INC.,** failed to adequately consider and evaluate the design of the premises when installing and locating the smoke detectors at the premises. This includes, but is not limited to, copies of any investigative reports or expert reports, solicited by or received from **GLENS FALLS INSURANCE COMPANY**, commenting on the system installed by **COMMAND FORCE SECURITY SYSTEMS, INC.**

     **ANSWER: Expert Reports will be disclosed.**

6

18.    Copies of any and all documents, of any kind and in whatever form, allegedly evidencing that **COMMAND FORCE SECURITY SYSTEMS, INC.**, was supposed to install a smoke detector just outside of the bedroom area in the lower level of the residence.  This includes, but is not limited to, copies of any investigative reports or expert reports, solicited by or received from **GLENS FALLS INSURANCE COMPANY**, commenting on the system installed by **COMMAND FORCE SECURITY SYSTEMS, INC.**

**ANSWER:  Expert Reports will be disclosed.**

19.    Copies of any and all documents, of any kind and in whatever form, allegedly evidencing that **COMMAND FORCE SECURITY SYSTEMS, INC.**, failed to train, instruct or supervise its employees on the appropriate arrangement and location of smoke detectors.  This includes, but is not limited to, copies of any investigative reports or expert reports, solicited by or received from **GLENS FALLS INSURANCE COMPANY**, commenting on the system installed by **COMMAND FORCE SECURITY SYSTEMS, INC.**

**ANSWER:  Expert Reports will be disclosed.**

20.    Copies of any and all documents, of any kind and in whatever form, allegedly evidencing that **COMMAND FORCE SECURITY SYSTEMS, INC.**, knew the fire detection/alarm system provided to **HAROLD and LAUREN HEINZ** was inadequate.  This includes, but is not limited to, copies of any investigative reports or expert reports, solicited by or received from **GLENS FALLS INSURANCE COMPANY**, commenting on the system installed by **COMMAND FORCE SECURITY SYSTEMS, INC.**

**ANSWER:  Expert Reports will be disclosed.**

7

21.    All artifacts, of any kind and in whatever form, which once comprised part of the fire detection/alarm system, and which were removed from the fire premises after the fire.

**ANSWER: Will Forward if applicable.**

22.    Copies of any and all pre-loss surveys completed regarding the subject premises.

**ANSWER: Attached if applicable.**

23.    Copies of original receipts for any of the items of claimed damages from the fire. Absent copies of original receipts, supply copies of the source of the insured's claimed value, the replacement cost, the actual cash value and the scope of claim figures.

**ANSWER: Attached.**

24.    Copies of color photographs, taken by or relied upon, by any of the adjusters or claims examiners or other agents, servants or employees of **GLENS FALLS INSURANCE COMPANY,** of the personal property within the subject premises before and/or after the fire.

**ANSWER: Attached.**

25.    Copies of videotapes of the interior premises of the subject premises prior to the fire, depicting the personal property and contents of any or all of the rooms prior to the fire.

**ANSWER: N/A.**

26.    Copies of any reservation of rights or disclaimer letters issued by **GLENS FALLS INSURANCE COMPANY** to **HAROLD and/or LAUREN HEINZ** during the relevant policy period for the subject premises.

**ANSWER: N/A**

8

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

27.    Copies of any receipts, bills, invoices or other documentation evidencing which personal property in the home was repaired or restored after the fire, rather than replaced.

**ANSWER: Attached.**

28.    Copies of any and all police reports, fire reports or other reports produced by any government source and/or statements regarding the fire in the possession of the plaintiff.

**ANSWER: Attached.**

29.    Copies of any and all files maintained by **GLENS FALLS INSURANCE COMPANY**, relevant to this alleged loss, including investigative reports, experts' reports, adjusters' notes, claims examiners' notes, photographs, videotapes, correspondence and any other documents relied on by **GLENS FALLS INSURANCE COMPANY** to determine the amount to pay to **HAROLD and LAUREN HEINZ.**

**ANSWER: Attached except for information which is privileged.**

30.    Copies and any and all documents, including e-mails, maintained by **GLENS FALLS INSURANCE COMPANY** relating to the decision to commence the within legal action against **COMMAND FORCE SECURITY SYSTEMS, INC.**

**ANSWER: This information is privileged and constitutes attorney work product.**

31.    Copies of any and all documents, of any kind and in whatever form, which indicate the name, address and contact information of the insurance broker who sold the original insurance policy to **HAROLD and LAUREN HEINZ.**

**ANSWER: Will forward.**

9

32.    Copies of any and all documents, of any kind and in whatever form, which depict the initial application for insurance as completed by **HAROLD and LAUREN HEINZ** and used to obtain insurance from **GLENS FALLS INSURANCE COMPANY**.

**ANSWER:  Attached.**

This request shall be deemed continuing so as to require supplemental production if additional items are created, discovered or received, from the time of the original productions, to the time of final judgment in this matter.

10

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

# STATEMENT OF LOSS

File # 03447971
Harold and Laureen Heinz
34 Wildwood Drive
Wilton, CT. 06879
D/L 7/23/2001 fire

$ 1,248,000 USP Deluxe

|  | Value | Loss | Claim |
|---|---|---|---|
| Dwelling Stated Value $ 624,000 | | | |
| **Building:** | | | |
| Est. RC $ 819,100 | $ 696,235 | | |
| Repair structure $ 727,919.80 | | | |
| less dep. <$ 65,957.52 > | | | |
| $ 661,962.28 | | | |
|  | | $ 661,962.28 | $ 661,962.28 |
| **Contents:** | | | |
| RC $ 215,350.30 | | | |
| Less dep. <$ 44,462.82> | | | |
| $ 170,887.48 | | | |
| dep. buy out $ 17,311.00 | | | |
| $ 188,198.48 | | $ 188,198.48 | |
| less advance <$ 40,000.00> | | | |
| $ 148,198.48 | | | $ 148,198.48 |
| **ALE:** | | | |
| $ 25,000 advance 7/25/2001 | | | |
| **TOTAL** | | | |
| **VALUE LOSS CLAIM** | $ | $ 850,160.76 | $ 810,160.76 |