UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GLENS FALLS INSURANCE COMPANY :    CIVIL ACTION NO. 303 CV 1015 (DJS)
a/s/o HAROLD and LAUREN HEINZ
    Plaintiff

against

COMMAND FORCE SECURITY            NOVEMBER 17, 2003
SYSTEMS, INC.
    Defendant.

## DISCLOSURE OF EXPERT WITNESSES

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, the plaintiff, Glens Falls Insurance Company a/s/o of Harold and Lauren Heinz, discloses the following witnesses who may be used at trial to present expert testimony.

**IA.**    **IDENTITY OF EXPERT**

     Thomas J. Klem
     T.J. Klem & Associates
     24 Robert Road
     Stoughton, MA 02072

**B.**    **OPINIONS TO BE EXPRESSED**

The opinions to be expressed by Mr. Klem and the basis and reasons for his opinions are contained in the reports attached to and hereby incorporated into this disclosure.

It is expected that Mr. Klem will testify that the fire originated in a lower level bedroom and was associated with a lamp located on a night table. The lamp was knocked over onto a bed by a cat and ignited combustible material.

1

It is expected that Mr. Klem will testify that the fire detection system installed within the subject premises was inadequate. The installed system could not and did not provide the necessary early detection and notification to the fire department that an adequately designed and installed system would have achieved. The defendant should have been aware of the minimum effective design required for the fire detection/alarm system given the design of the premises. The deficiencies in the fire detection system should have been recognized and rectified by the defendant.

It is expected that Mr. Klem will testify that the zones created by the deep ceiling beams and doorway lintels in the subject premises provided significant barriers to the spread of combustion products from the fire to the sole existing lower-level smoke detector. These features of the home resulted in a significant delay in the activation of the installed lower-level hallway detector. To meet the requirements of NFPA 72, at a minimum, a smoke detector should have been installed just outside the bedroom area in the lower level. Additionally, sound fire protection engineering judgment dictates that the unique construction features of the premises and recent renovations to the premises with this level of protection should have resulted in smoke detectors being installed within lower level bedrooms as well.

It is expected that Mr. Klem will testify that an detector installed within the bedroom of fire origin would have likely activated from a smoldering fire within minutes of the lamp igniting the combustible material. Even a detector installed within the adjacent hallway (in absence of a detector within the room of fire origin), would have resulted in a detection time well in advance of the fire reaching flashover in the bedroom. Prior to flashover, the fire would

2

have been relatively contained within that room and still very manageable by the fire department.

At a minimum, a properly designed and installed fire alarm system for the subject premises should have included a smoke detector located within the room of fire origin, a smoke detector located just outside the lower level bedrooms and a smoke detector at the opening to the stairway. Had such detector installations been made in the subject premises, notification to the fire department would have been significantly reduced resulting in prompt suppression and a significant reduction of fire damage to the premises.

It is expected that Mr. Klem will testify that had the fire detection system been properly designed, then it is more probable than not that the fire would have been detected, responded to, contained and suppressed within the room of origin thereby resulting in a significant reduction of fire damage to the premises.

**C.     QUALIFICATIONS OF WITNESS**

The qualifications of Mr. Klem are contained in his Curriculum Vitae which is attached to this disclosure. Also attached to this disclosure is a list of Mr. Klem's published articles, audiovisual projects, and selected significant fire investigations.

**D.     COMPENSATION TO BE PAID TO THE EXPERT**

Attached to this disclosure is a statement regarding Mr. Klem's compensation rate.

**E.     LIST OF OTHER CASES**

Attached to this disclosure is a list of cases in which Mr. Klem has provided expert testimony either at deposition or trial from 1995 to 2002.

3

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

II.  The plaintiff expects that the following persons, although not specifically retained or employed to provide expert testimony, will be called at trial to present expert testimony.

**1A. IDENTITY OF EXPERT**

Deputy Fire Marshal David Kohn
Fire Marshal's Office
Wilton, Connecticut

**B. SUBJECT MATTER OF TESTIMONY**

Deputy Fire Marshal Kohn will testify regarding the cause and origin of the fire at the subject premises, and on the resulting damage to the premises.

**C. SUBSTANCE OF FACTS AND OPINIONS TO BE EXPRESSED**

The opinions of Deputy Fire Marshal Kohn are contained in the report attached to and hereby incorporated into this disclosure.

It is expected that Deputy Fire Marshal Kohn will testify that that the fire began in the lower level bedroom of the subject premises. The burn patterns on the walls of the room and the charring of the wood ceiling indicated that the fire started at the bed and close to the middle. A cat knocked a lamp onto a bed and ignited combustible material on the bed. The subject premises sustained moderate to heavy fire damage to the room of origin and the bedroom above, and moderate to heavy fire, heat and smoke damage to other areas.

**D. GROUNDS FOR OPINIONS**

Deputy Fire Marshal Kohn's opinions are based upon his examination of the premises where the fire occurred, his examination of the evidence contained therein, his conversations

4

with firefighters regarding their observations and actions, and his conversations with Harold and Lauren Heinz, and on his education training and experience as a fire investigator.

**2A.   IDENTITY OF EXPERT**

Richard H. Klein
Schleifer Associates, Inc.
20 North Jefferson Road
Whippany, New Jersey 087981

**B.   SUBJECT MATTER OF TESTIMONY**

It is expected that Mr. Klein will testify regarding the nature and extent of the damage to the subject premises caused by the fire and the cost to repair the damage.

**C.   SUBSTANCE OF FACTS AND OPINIONS TO BE EXPRESSED**

The opinions of Mr. Klein are contained in the reports, correspondence, appraisals, and estimates of Schleifer Associates, Inc. attached to and hereby incorporated into this disclosure. (This material has previously been provided to the defendant in the plaintiff's compliance with the defendant's requests for production). It is expected that Mr. Klein will testify that replacement cost to repair the damage to the subject premises was $727,919.80.

**D.   GROUNDS FOR OPINIONS**

Mr. Klein's opinions are based on his examination and inspection of the subject premises and on his background, education, training and experience in assessing and analyzing damage to property.

5

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

**3A.    IDENTITY OF EXPERT**

Jake Mollenkopf
General Adjuster
Encompass Insurance
P.O. Box 319
Manasquan, New Jersey 08736

**B.    SUBJECT MATTER OF TESTIMONY**

It is expected that Mr. Mollenkopf will testify regarding the nature and extent of the damage to the contents of the subject premises caused by the fire and the cost to repair and replace said contents

**C.    SUBSTANCE OF FACTS AND OPINIONS TO BE EXPRESSED**

The opinions of Mr. Mollenkopf are contained in the reports, correspondence, appraisals, estimates, and payment records already provided to the defendant by the plaintiff in its compliance with the defendant's requests for production, and hereby incorporated into this disclosure. It is expected that Mr. Mollenkopf will testify that the cost to repair and replace the damage to the contents of the subject premises was $195,219.92.

**D.    GROUNDS FOR OPINIONS**

The grounds for Mr. Mollenkopf's opinions are his examination of the damage to the contents of the subject premises, his review and analysis of reports, invoices, photographs and estimates of the damage to the contents, and on his education, training and experience as an insurance adjuster.

6

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

THE PLAINTIFFS,
GLENS FALLS INSURANCE COMPANY
a/s/o HAROLD and LAUREN HEINZ

By *(signature)*
Joseph E. Mascaro, Esq. – CT 12736
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
(860) 616-4441

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed to the following parties of record postage prepaid this _17th_ day of November, 2003, as follows:

Attorney Joan M. Gilbride
Kaufman, Borgeest & Ryan, LLP
200 Summit Lake Drive
Valhalla, NY 10595

*(signature)*
Joseph E. Mascaro