January 27, 2004

Mr. Michael P. Mezzacappa
Kaufman Borgeest & Ryan LLP
200 Summit Lake Drive
Valhalla, New York 10595

*Via Facsimile and Mail*

> Re: Glens Falls Insurance Company v. Command Force Security Systems, Inc.
> Civil Action No.    303 CV 1015
> Your File No.       328.002
> CED Case No.        51049.1

Dear Mr. Mezzacappa:

At your request, I reviewed the file materials provided and analyzed the circumstances relating to the above captioned fire loss. This report expresses my opinions in this matter to a reasonable degree of scientific certainty. This is a preliminary report based on the information available to me concerning the matter at the present time. I understand that the additional documentation, notes and computer analysis, relied upon by Mr. Klem in order to reach the conclusions in his expert report, has been requested. I will amend my opinions in the event that any of this additional information has a bearing on them.

### Introduction

This matter involves a house fire at 34 Wildwood Drive, Wilton, Connecticut on July 23, 2001. This is a negligence action brought by Glens Falls Insurance Company a/s/o Harold and Lauren Heinz, against Command Force Security Systems.

### Background

The subject residence was originally a ranch style house with additions on various levels at various times. The room of fire origin was reportedly two steps down from the kitchen level or main level of the house. The master bedroom was located above the lower level bedroom in which the fire originated.

PLAINTIFF'S
EXHIBIT NO. CC
FOR IDENTIFICATION
DATE 6/10/04  RPTR: CMO  Allen

Command Force Security Systems installed the monitored fire alarm system in February of 2000. The system was designed with the homeowner in response to an insurance inspection report, which recommended that the existing local fire alarms be upgraded to a centrally monitored alarm system. The fire alarm portion of the monitored system was comprised of three smoke detectors. One smoke detector was located in the hallway between the kitchen and the bedroom area of the house.

None of the occupants of the house were at home at the time of the fire. The monitoring company received a fire alarm signal at 11:06 a.m. and notified the Wilton Fire Department at 11:08 a.m., after first calling the residence. The fire department responded, with the first apparatus arriving on the scene at 11:15 a.m. The fire was extinguished and declared under control at 12:45 p.m. Direct fire damage was confined to two rooms, the room of fire origin and the master bedroom immediately above. There was heat and smoke damage to other areas of the residence.

Private and public sector investigators determined that the cause of the fire was an electric lamp igniting clothes or bedding in the lower level bedroom. The fire spread from the room of origin to another bedroom above it via the exterior of the building. The house has been rebuilt and extensively added to after the fire. The present house appears to be a three-story structure covering the footprint of the original.

**Investigation**

My investigation in this matter consisted of the review and analysis of the following documents:
1. The Complaint dated May 5, 2003.
2. Fire Investigation Report, Fire Marshal's Office, Wilton, Connecticut, Incident 01-801, dated October 6, 2001 by D. Kohn.
3. Report of T.J. Klem and Associates by Joseph Folger and Thomas J. Klem
4. Expert disclosure dated November 17, 2003.

5. Supplemental report of T. J. Klem and Associates by Thomas J. Klem.
6. Command Force subscriber activity report.
7. Diagram of the building footprint dated July 31, 2001, by Schliefer Associates, Inc.
8. DataLath Inspection Services report dated October 29, 1999 by Edward F. Duffy.
9. NFPA 72, National Fire Alarm Code, 1999 Edition.
10. Photographs:
    a. 22 color copies of photographs of T. J. Klem and Associates with time stamp 01-7-25.
    b. 21 color copies of photographs of Schleifer Associates with time stamps 01-7-31 and 01-8-8, marked as defendant's exhibits U through GG.
    c. 34 color copies of photographs marked collectively as defendant's exhibit HH. Some with time stamp 2001-7-25.
    d. 8 color copies of photographs of new construction after the fire, marked as defendant's exhibit OO.

Additionally, I had a telephone conversation with Mr. Matthew Matza of Command Force Security Systems. He provided details of the layout of the house and the alarm system installation.

**Discussion/Analysis**

The initial T. J. Klem and Associates report states that the building contained a fire alarm system with smoke detectors, which were positioned about the home according to the national standards at the time of their installation. The fire alarm system in the home was operable at the time of the incident and transmitted a fire alarm signal. The fire alarm system was monitored off premises and was reported the fire to the Wilton fire department less than two minutes after the signal was received. The T. J. Klem report acknowledges that the fire was still in the controllable phase when the alarm was sent to

the fire department. The report reiterates the statements of NFPA 72, that smoke detectors are intended for the life safety of the building occupants.

The supplemental T. J. Klem and Associates report contradicts the initial report and concludes that the fire alarm system was inadequate with respect to:

1. Early detection of the fire.
2. Notification to the monitoring company.
3. Timely notification of the fire department.
4. The system's ability to achieve life safety of the occupants and to limit fire damage to the home.

Points 1, 2 and 3 above are in contradiction of the previous report and the facts. The analysis leading to point 4 was accomplished with the benefit of hindsight, in which the design of the fire detection/alarm system was optimized for the circumstances of this particular fire.

The National Fire Alarm Code sections cited do not explicitly specify the criteria, which Mr. Klem says the existing fire alarm system violated. NFPA 72 is silent on the systems ability to limit fire damage to a residence. Mr. Klem describes the system as inadequate, but stops short of describing it as non-compliant.

Additionally, the requirements of NFPA 72 are satisfied by single station smoke detectors. A single station smoke detector in the basement bedroom would have met Mr. Klem's suggested increased level of protection to the occupants, but would have made no difference to the course of this fire.