UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GLENS FALLS INSURANCE COMPANY a/s/o HAROLD and LAUREN HEINZ, Plaintiff | : CIVIL ACTION NO. 303 CV 1015 (DJS) : : : |
| - against - | : : |
| COMMAND FORCE SECURITY SYSTEMS, INC., Defendant. | : JANUARY 28, 2004 : : |

### DISCLOSURE OF EXPERT WITNESS

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, the defendant, **COMMAND FORCE SECURITY SYSTEMS, INC.**, by its attorneys, **KAUFMAN BORGEEST & RYAN LLP,** hereby discloses the following witness who will be called at trial to present expert testimony.

**1A.   IDENTITY OF EXPERT**

John E. Allen, Ph.D.
CED Accident Analysis, Inc.
71 East Avenue, Suite J
Norwalk, Connecticut 06852

**B.   OPINIONS TO BE EXPRESSED**

The opinions to be expressed by Mr. Allen and the basis and reasons for his opinions are contained in the report attached to and hereby incorporated into this disclosure. Please be advised that Mr. Allen, at the time that he authored the January 27, 2004 report, did not have available to him all of the evidence, computer models and other documents or items which Mr. Klem, plaintiff's expert, had available to him when he prepared his report. It is also noted that Mr. Allen was unable to see the home in its post-fire condition, as did Mr. Klem, and reserves

the right to amend his report upon disclosure previously requested by defendant of plaintiff concerning these and other items.

It is expected that Mr. Allen will testify based on a reasonable degree of scientific certainty that the room of fire origin was reportedly two steps down from the kitchen level or main level of the house and that the master bedroom was located above the lower level bedroom in which the fire originally started. Mr. Allen will testify that the fire detection system installed within the subject premises was adequate and that the system comprised of three smoke detectors, one of which was located in the hallway between the kitchen and subject bedroom area of the house.

The installed system did provide the necessary detection and notification to the fire department as an adequately designed and installed system. Command Force Security Systems installed the monitored fire alarm system in February of 2000. The system was designed with the homeowner in response to an insurance inspection report, which recommended that the existing local fire alarms be upgraded to a centrally monitored alarm system.

Mr. Allen will testify that private and public sector investigators determined that the cause of the fire was an electric lamp igniting clothes or bedding in the lower level bedroom and that the fire spread from the room of origin to another bedroom above it via the exterior of the building.

Mr. Allen will comment on both the initial T. J. Klem & Associates report, which is undated, as well as the supplemental T. J. Klem & Associates report, which also is undated. Mr. Allen will testify that the fire alarm system in the home was operable at the time of the incident and transmitted a fire alarm signal. The smoke detectors were positioned about the home according to the national standard at the time of their installation and that there were no code

sections which were violated. The fire alarm system was monitored off-premises and reported the fire to the Wilton Fire Department less than two minutes after the original signal was received. Mr. Allen will testify that the original T. J. Klem report acknowledges that the fire was still in the controllable phase when the alarm was sent to the fire department. Mr. Allen will testify of his own opinion and will demonstrate that the T. J. Klem original report reiterates the statements of NFPA 72, that the smoke detectors are intended for the life safety of the building occupants.

Mr. Allen will testify that the supplemental T. J. Klem & Associates report contradicts the initial report by concluding that the fire alarm system was inadequate in several respects. Mr. Allen will testify that the major points made by the first T. J. Klem & Associates report, i.e. early detection of the fire, notification to the monitoring company, and timely notification of the fire department are contradictory with T. J. Klem's supplemental report and that the analysis leading to point four in T. J. Klem's supplemental report, i.e. that the system's ability to achieve life safety of the occupants and to limit fire damage to the home, was accomplished with the benefit of hindsight, in which the design of the fire detection/alarm system was optimized for the circumstances of this particular fire.

Mr. Allen will testify that the National Fire Alarm Code sections cited by T. J. Klem & Associates in either of the reports do not explicitly specify the criteria which Mr. Klem says the existing fire alarm system violated, and NFPA 72 is silent on the system's ability to limit fire damage to a residence. Mr. Allen also will testify that although Mr. Klem, plaintiff's expert, describes the system as inadequate, Mr. Klem stopped short of describing it as non-compliant.

Mr. Allen will testify that the requirements of NFPA 72 are satisfied by single station smoke detectors. Mr. Allen will testify that a single station smoke detector in the basement

bedroom would have met Mr. Klem's suggested increased level of protection to the occupants, but would have made no difference to the course of this fire and the absence of same was not a violation of NFPA 72 whatsoever.

Mr. Allen will testify that based on his investigation and analysis as well as his background, experience, education and training, the existing monitored fire alarm system provided sufficient notification for the fire department to limit the fire spread to two rooms of this house and that this occurred in spite of the difficulties in readily getting water to the fire, a function of the Wilton Fire Department and the available water sources.

Mr. Allen will testify that the monitoring company promptly notified the fire department of the fire alarm at the premises in accordance with the requirements of NFPA 72. Mr. Allen will testify that smoke, heat and water damage are present during the growth, spread and suppression phases of any fire, making its clean-up necessary after the fire is extinguished. Mr. Allen will further testify that an additional smoke detector in the room of origin would not have changed the course of the fire or the extent of the damages, in his opinion, and that a single station smoke detector, while satisfying Mr. Klem's additional requirement, is not one which is promulgated by NFPA 72 or the State of Connecticut and would have been above and beyond the requirements of the statutory standard as promulgated by NFPA 72.

C.   **QUALIFICATION OF WITNESS**

The qualifications of Mr. Allen are contained in his Curriculum Vitae which is attached to this disclosure.

D.   **COMPENSATION TO BE PAID TO THE EXPERT**

Attached to this disclosure is a statement regard Mr. Allen's compensation rate.

E.  **LIST OF OTHER CASES**

Attached to this disclosure is a list of the current testimony record concerning Mr. Allen since January of 2000.

>THE DEFENDANTS,
>COMMAND FORCE SECURITY
>  SYSTEMS, INC.
>
>By_____
>Michael P. Mezzacappa, Esq. CT 25125
>200 Summit Lake Drive, First Floor
>Valhalla, New York 10595
>(914) 741-6100
>File No. 328.002

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed to the following parties of record postage prepared this 28th day of January, 2004 as follows:

Attorney Joseph E. Mascaro
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, Connecticut 06103
(860) 616-4441

>_____
>Michael P. Mezzacappa

January 27, 2004

Mr. Michael P. Mezzacappa
Kaufman Borgeest & Ryan LLP
200 Summit Lake Drive
Valhalla, New York 10595

*Via Facsimile and Mail*

    Re:    Glens Falls Insurance Company v. Command Force Security Systems, Inc.
            Civil Action No.    303 CV 1015
            Your File No.       328.002
            CED Case No.       51049.1

**Dear Mr. Mezzacappa:**

At your request, I reviewed the file materials provided and analyzed the circumstances relating to the above captioned fire loss. This report expresses my opinions in this matter to a reasonable degree of scientific certainty. This is a preliminary report based on the information available to me concerning the matter at the present time. I understand that the additional documentation, notes and computer analysis, relied upon by Mr. Klem in order to reach the conclusions in his expert report, has been requested. I will amend my opinions in the event that any of this additional information has a bearing on them.

Introduction

This matter involves a house fire at 34 Wildwood Drive, Wilton, Connecticut on July 23, 2001. This is a negligence action brought by Glens Falls Insurance Company a/s/o Harold and Lauren Heinz, against Command Force Security Systems.

Background

The subject residence was originally a ranch style house with additions on various levels at various times. The room of fire origin was reportedly two steps down from the kitchen level or main level of the house. The master bedroom was located above the lower level bedroom in which the fire originated.

Command Force Security Systems installed the monitored fire alarm system in February of 2000. The system was designed with the homeowner in response to an insurance inspection report, which recommended that the existing local fire alarms be upgraded to a centrally monitored alarm system. The fire alarm portion of the monitored system was comprised of three smoke detectors. One smoke detector was located in the hallway between the kitchen and the bedroom area of the house.

None of the occupants of the house were at home at the time of the fire. The monitoring company received a fire alarm signal at 11:06 a.m. and notified the Wilton Fire Department at 11:08 a.m., after first calling the residence. The fire department responded, with the first apparatus arriving on the scene at 11:15 a.m. The fire was extinguished and declared under control at 12:45 p.m. Direct fire damage was confined to two rooms, the room of fire origin and the master bedroom immediately above. There was heat and smoke damage to other areas of the residence.

Private and public sector investigators determined that the cause of the fire was an electric lamp igniting clothes or bedding in the lower level bedroom. The fire spread from the room of origin to another bedroom above it via the exterior of the building. The house has been rebuilt and extensively added to after the fire. The present house appears to be a three-story structure covering the footprint of the original.

**Investigation**

My investigation in this matter consisted of the review and analysis of the following documents:
1. The Complaint dated May 5, 2003.
2. Fire Investigation Report, Fire Marshal's Office, Wilton, Connecticut, Incident 01-801, dated October 6, 2001 by D. Kohn.
3. Report of T.J. Klem and Associates by Joseph Folger and Thomas J. Klem
4. Expert disclosure dated November 17, 2003.

5. Supplemental report of T. J. Klem and Associates by Thomas J. Klem.
6. Command Force subscriber activity report.
7. Diagram of the building footprint dated July 31, 2001, by Schliefer Associates, Inc.
8. DataLath Inspection Services report dated October 29, 1999 by Edward F. Duffy.
9. NFPA 72, National Fire Alarm Code, 1999 Edition.
10. Photographs:
    a. 22 color copies of photographs of T. J. Klem and Associates with time stamp 01-7-25.
    b. 21 color copies of photographs of Schleifer Associates with time stamps 01-7-31 and 01-8-8, marked as defendant's exhibits U through GG.
    c. 34 color copies of photographs marked collectively as defendant's exhibit HH. Some with time stamp 2001-7-25.
    d. 8 color copies of photographs of new construction after the fire, marked as defendant's exhibit OO.

Additionally, I had a telephone conversation with Mr. Matthew Matza of Command Force Security Systems. He provided details of the layout of the house and the alarm system installation.

**Discussion/Analysis**

The initial T. J. Klem and Associates report states that the building contained a fire alarm system with smoke detectors, which were positioned about the home according to the national standards at the time of their installation. The fire alarm system in the home was operable at the time of the incident and transmitted a fire alarm signal. The fire alarm system was monitored off premises and was reported the fire to the Wilton fire department less than two minutes after the signal was received. The T. J. Klem report acknowledges that the fire was still in the controllable phase when the alarm was sent to

the fire department. The report reiterates the statements of NFPA 72, that smoke detectors are intended for the life safety of the building occupants.

The supplemental T. J. Klem and Associates report contradicts the initial report and concludes that the fire alarm system was inadequate with respect to:

1. Early detection of the fire.
2. Notification to the monitoring company.
3. Timely notification of the fire department.
4. The system's ability to achieve life safety of the occupants and to limit fire damage to the home.

Points 1, 2 and 3 above are in contradiction of the previous report and the facts. The analysis leading to point 4 was accomplished with the benefit of hindsight, in which the design of the fire detection/alarm system was optimized for the circumstances of this particular fire.

The National Fire Alarm Code sections cited do not explicitly specify the criteria, which Mr. Klem says the existing fire alarm system violated. NFPA 72 is silent on the systems ability to limit fire damage to a residence. Mr. Klem describes the system as inadequate, but stops short of describing it as non-compliant.

Additionally, the requirements of NFPA 72 are satisfied by single station smoke detectors. A single station smoke detector in the basement bedroom would have met Mr. Klem's suggested increased level of protection to the occupants, but would have made no difference to the course of this fire.

## Conclusions

Based on the foregoing investigation and analysis as well as my background, experience, education and training, I make the following conclusions to a reasonable degree of scientific certainty.

1. The existing monitored fire alarm system provided sufficient notification for the fire department to limit the fire spread to two rooms of this house. This occurred in spite of the difficulties in readily getting water to the fire.
2. The monitoring company promptly notified the fire department of the fire alarm at the premises in accordance with the requirements of NFPA 72.
3. Smoke, heat and water damage are present during the growth, spread and suppression phases of any fire, making its clean up necessary after the fire is extinguished.
4. An additional smoke detector in the room of origin would not have changed the course of the fire or the extent of the damages. A single station smoke detector would satisfy Mr. Klem's additional requirement, even though this would be above and beyond the requirements of NFPA 72 and the State of Connecticut.

Respectfully Submitted,

John E. Allen, Ph.D.

 

**ACCIDENT ANALYSIS, INC.**

www.ced-aai.com    Investigative Engineering & Accident Analysis    1.800.466.1090

## CURRICULUM VITAE:
## JOHN E. ALLEN, Ph.D.
### Fire Origin Expert & Mechanical/Aeronautical Engineer

**Academic Background**

Ph.D., University of Maryland, 1984
M.S., Aerodynamics, Cranfield Institute of Technology, U.K., 1977
M.S., Mechanical Engineering, Cranfield Inst. of Technology, U.K., 1976
Naval Postgraduate School, Monterey, California, 1973-1974
B.S., U.S. Naval Academy, Naval Engineering, 1969

**Professional Work History**

<u>Mechanical/Aeronautical Engineer</u>, CED/Accident Analysis, Inc., 1990-Present
<u>Engineering Consultant and Forensic Engineer</u>, 1986-Present
<u>Teaching and Research</u>, Aerospace and Mechanical Engineering Departments, U.S. Naval Academy, Annapolis, Maryland, 1979-1992
<u>U.S. Marine Corps Aviator</u>, Aircraft Maintenance Supervisor and Post Maintenance Inspection Pilot, 1969-1978

**Professional Societies and Honors**

American Institute of Aeronautics and Astronautics
American Society of Mechanical Engineers
National Fire Protection Association
Society of Automotive Engineers
Subsonic Aerodynamic Testing Association
International Association of Arson Investigators
Fan Makers Company Prize in Aerodynamics, 1977, Cranfield Institute of Technology

**Areas of Expertise**

Mechanical Design and Analysis
Analysis of Aeronautical Systems
Equipment Fires - Cause and Origin Determinations
Fire Spread Analysis

As of November, 03

 

**ACCIDENT ANALYSIS, INC.**

www.ced-aai.com     Investigative Engineering & Accident Analysis     1.800.466.1090

# CED/ACCIDENT ANALYSIS, INC.
## Fee Schedule
### Effective January 2003

<u>Time:</u>
| | |
|---|---|
| Engineers' Time: | $195.00 - $300.00 per hour |
| *John Allen, Ph.D.* | *$225.00 per hour* |
| Research Associate and Technicians' Time: | $65.00 - 110.00 per hour |
| Graphic Designers' Time: | $85.00 per hour |

Engineering time is billed at the same rate for all services including; research, review, analysis, testing, inspections, depositions, trial, testimony and travel. There are no charges or administrative fees for opening or maintaining case files.

<u>Expenses:</u>
Normal expenses and costs will be charged to the case. These include:

| | |
|---|---|
| Mileage: | $0.45 per mile |
| Film & development: | $22.50 per roll |
| Video recording: | $40.00 per tape |
| Large media print | $70.00 per print |
| Laboratory usage fee: | to be specified |
| Equipment storage fee: | to be specified |
| Special equipment for testing: | at cost |
| Testing materials: | at cost |
| Travel tickets: | at cost |
| Hotel, meals, etc.: | at cost |

Any required purchase that is specific to the case will be charged at cost. Items purchased that are retained by CED/AAi and usable in other cases will not be charged.

Activities are billed monthly or at the completion of a work phase. All balances are due upon receipt of invoice. Rates are subject to change without notice. Unpaid bills are charged a service fee of 1 ½ % per month for unpaid balances.

CED/AAi reserves the right to require a retainer.

If there is a question about any item on our fee schedule, please call to discuss your concern. Our ultimate goal is to provide you with the highest level of service possible.

| Date | Deposition/Trial | Case Caption | Jurisdiction | Docket No# |
|---|---|---|---|---|
| 10/5/01 | Trial | Allied Pile Driving v. R.D.A. Construction Corp. | Commonwealth of Massachusetts, Suffolk Superior Court Department of Trial Court | SUCV1999-05722 |
| 4/4/02 | Deposition | Pekin and Green Bay Motor Sports v. American Suzuki | State of Wisconsin, Circuit Court, Brown County | 01-CV-416 |
| 12/20/02 | Deposition | NJ Pulverizing v. Nicholas Fabricating | | |
| 3/7/03 | Deposition | Flushing Jewish Center v. United Security Systems | United States District Court, Eastern District of New York | CV-00-07487 |
| 4/23/03 | Deposition | Flushing Jewish Center v. United Security Systems | United States District Court, Eastern District of New York | CV-00-07487 |
| 5/14/03 | Deposition | H.P. Hood, Inc. v. W.F. Harris Electric, Inc. | Commonwealth of Massachusetts, Norfolk Superior Court | 2002-00304 |
| 5/16/03 | Deposition | Craig Manufacturing, Inc. v. Mercury Candle, Inc. | Superior Court of New Jersey, Essex County | L-6607-00 |

# Current Testimony Record
## John E. Allen, Ph.D.

| Date | Deposition/Trial | Case Caption | Jurisdiction | Docket No# |
|---|---|---|---|---|
| 1/19/00 | Deposition | Tatroe v. PPG Industries et al. | State of Connecticut: Superior Court, Judicial District of New Haven at Meriden | CV 97 0259449 S |
| 6/15/00 | Deposition | Driggin v. American Security alarm Co., Coastal Contractors, Inc., and Peter Goodale. | United States District Court, District of Maine | 99-CV-368-P-H |
| 7/6/00 | Deposition | Akins and Pedigo v. Toyotomi | Commonwealth of Kentucky, Warren Circuit Court Division II | 97-CI-00221 |
| 7/21/00 | Deposition | Driggin v. American Security alarm Co., Coastal Contractors, Inc., and Peter Goodale. | United States District Court, District of Maine | 99-CV-368-P-H |
| 12/27/00 | Deposition | Travelers v. Cardozo | State of Connecticut: Superior Court, Judicial District of Stamford/Norwalk at Stamford | CV 97-0162668 S |
| 1/25/01 | Trial | Oxford Presbyterian Church v. Sico | Court of Common Pleas, Chester County, Pennsylvania | 91-05926 |
| 5/10/01 | Trial | Cardozo v. Travelers | State of Connecticut: Superior Court, Judicial District of Stamford/Norwalk at Stamford | CV 97-0162668 S |
| 5/23/01 | Deposition | Chubb v. Access Security Systems and FSS | Superior Court of New Jersey, Bergen County | BER-L-468-97 |
| 8/29/01 | Trial | Martinez v. NYC Housing Authority | Supreme Court of the State of New York, County of New York | 10686-91 |