UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ORIGINAL

GLENS FALLS INSURANCE COMPANY
a/s/o HAROLD and LAUREN HEINZ,

CIVIL CASE NO. 303 CV 1015 (DJS)

    Plaintiff,

V.

COMMAND FORCE SECURITY
SYSTEMS, INC.

August 18, 2003

    Defendants

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### INTERROGATORIES AND REQUEST FOR PRODUCTION

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Defendant hereby responds to plaintiff's interrogatories.

## **DEFINITIONS**

Please refer to Local Rule 39 of the Rules of Procedure for the District of Connecticut for the applicable definitions. In addition, the following specific definitions apply to these discovery requests in accordance with Local Rule 39(a).

    A.    **"Any"** means "all" and vice versa.

    B.    **"Identify"** with respect to a document means that the following information be provided:

        (a)    the type of document (e.g., letter, memo, etc.) and its title or the name by which it is referred;
        (b)    the date of the document;
        (c)    the identity of all persons participating in the creation of the document including the identity of the author and person signing the document;
        (d)    the identity of each person to whom the document was addressed or sent;
        (e)    the present location of the original and all copies and the name of the custodian of the documents; and,
        (f)    a general description of the subject matter of the document.

    C.    **"Identify"** with respect to a communication means that the following information be provided:

        (a)    the full name and last known address of each person participating in, or present during, the communication;
        (b)    the name of the employer for each person participating in, or present during, the communication;
        (c)    the place the communication was made;
        (d)    the date the communication was made; and,
        (e)    the subject matter of the communication.

D. To **"describe"** means to present a complete and detailed statement concerning the event, condition, or thing to be described, providing dates, duration, distances, frequency, and size as appropriate.

E. **"Defendant"** shall mean the defendant, Command Force Security Systems, Inc., its parents, subsidiaries, divisions, officers, directors, agents, servants, employees and other representatives.

F. **"Complaint"** shall mean the Complaint filed by the Plaintiff.

G. **"Subject"** shall mean the fire that occurred on July 23, 001.

H. **"Premises"** shall mean 34 Wildwood Drive, Wilton, Connecticut.

I. **"Person"** or **"person"** shall mean any natural person or any business, legal, or governmental entity or association.

J. **"Concerning"** or **"concerning"** shall mean referring to, pertaining to, describing, evidencing, or constituting.

K. **"And"** and **"or"** each shall mean "and/or," and the singular shall include the plural, and vice-versa.

L. **"Security system"** shall mean smoke, detectors, central station monitoring, alarms, and any other items or systems designed and installed by the defendant at the property located at 34 Wildwood Drive, Wilton, Connecticut.

## INSTRUCTIONS

M. Each Interrogatory shall be answered completely, separately and fully.

N. If you assert any privilege in responding to these Interrogatories, state in full:

    (a) the type of privilege asserted or reason why you contend it is confidential;
    (b) specify the basis for the assertion; and,
    (c) identify the communication or document.

O. Each person consulted in answering any Interrogatory shall be identified in the body of the answer to the particular Interrogatory.

P. Plaintiff's interrogatories are continuing. The defendant must promptly supply, by means of supplemental answers, all additional responsive information that may become known to defendant or his attorneys prior to the trial of this action, including, but no limited to, the identity of each person defendant expects to call as a witness or expert witness at trial.

## INTERROGATORIES

1. Identify the name and position with the defendant of each individual who is providing responses t these interrogatories and request for production.

    **ANSWER:**

        (a) Matthew Matza, President
            Command Force Security Systems, Inc.
            81-03 252nd Street
            Bellerose, New York 11426
            Telephone: (718) 347-1572

        (b) Debra Moeller, Executive Director
            Command Force Security Systems, Inc.
            81-03 252nd Street
            Bellerose, New York 11426
            Telephone: (718) 347-1572

2. Identify each individual who had any part in the design and installation of the security system at the premises.

**ANSWER:**

    (a) Matthew Matza, President
        Command Force Security Systems, Inc.

    (b) Anthony Pasquarella, employee
        Command Force Security Systems, Inc.

    (c) Debra Moeller, Executive Director,
        Command Force Security Systems, Inc.

    (d) Harold Heinz, homeowner
        34 Wildwood Drive
        Wilton, Connecticut

    (e) Lauren Heinz, homeowner
        34 Wildwood Drive
        Wilton, Connecticut

3. As to each individual identified in response to Interrogatory No. 2, list the responsibility of each such individual relative to the security system at 34 Wildwood Drive in Wilton, Connecticut.

**ANSWER:**

    (a) Matthew Matza, in conjunction with Harold Heinz, designed the security system at 34 Wildwood Drive in Wilton, Connecticut. Mr. Matza and Mr. Heinz toured the premises, and assessed what Mr. Heinz's comfort level was with security and fire system and potentials. Mr. Heinz advised that he did not want an elaborate and expensive system. He merely wanted a simple system which would be inexpensive. The amount of the contract was $1,700.

212785        5

  (b) The written proposal was tendered to Harold and Lauren Heinz on February 4, 2000.

  (c) The contract was approved and executed by Lauren Heinz on February 14, 2000.

  (d) Anthony Pasquarella installed the security system at the premises sometime between February 14 and April 10 2000.

  (e) Debra Moeller had several telephone conversations with Mr. Heinz relative to the security system, wherein Mr. Heinz made it clear that with regard to the price and design of the system, in his opinion, "less was better," or words to that effect.

  4. Identify all statutes, regulations, standards and codes relied upon, consulted or complied with by the defendant when it designed and installed the security system at 34 Wildwood Drive in Wilton, Connecticut, and specify each edition and section of the statutes, regulations, standards and codes relied upon, consulted or complied with.

**ANSWER:**

  Other than NFPA 72, no other requirements, statutes, regulations, standards or codes were specifically relied upon for this existing residential dwelling, other than the extensive knowledge and expertise of the defendant. Upon information and belief, there are no burglar alarm codes for residential dwellings.

  Upon information and belief, the Town of Wilton has no codes for placement or installation of smoke alarms. NFPA 72 states, in relevant part, the following:

> "This Code shall not be interpreted to require a level of
> fire protection that is *greater than* that which would otherwise
> be required by the applicable building or fire code." (emphasis added)[1]

---

[1] NFPA 72-1.2.1; National Fire Alarm Code; 2002 Edition

212785  6

Thus, there were no requirements for placement of smoke detectors within the existing dwelling.

5. State whether the defendant considered, examined and analyzed the design and construction of the premises when designing and installing the security system and the premises.

**ANSWER:**

Yes, the defendant considered, examined and analyzed the design and construction of the premises when designing together with the homeowner, Mr. Heinz, the security system and installing the security system. Mr. Matza discussed the design of the security system with Harold and Lauren Heinz, and also considered their wishes and desires when designing and installing the security system. Furthermore, Mr. Heinz volunteered several times during his tour of the premises with Mr. Matza, that he was merely installing a security system for insurance purposes only.

The design of the fire alarm portion of the security system is that of a passive alarm, that is, it cannot be turned off by the homeowner. However, the burglar alarm portion of the system is an active system and can be turned off by the homeowner and was, upon information and belief, not engaged on the day of the fire (on or about July 23, 2001), indicating that Mr. Heinz did not actively turn on the burglar alarm portion of the security system prior to his leaving the premises.

6. If the answer to the preceding interrogatory was yes, identify all of the aspects of the design and construction of the premises which the defendant considered, examined and analyzed when designing and installing the security system at the premises.

212785                                                         7

**ANSWER:**

Mr. Matza walked through the house with the homeowner, Harold Heinz. He determined the size of the home, the location of the kitchen and the fireplaces, and determined that the smoke alarms should be placed far enough away from sources of flame, heat and smoke in order to limit the number of false alarms that would be generated due to close proximity to these locations.

Mr. Matza and the homeowner considered the location of the home, and the need for smoke alarms to be put into the house and the type of security system was also decided upon.

Mr. Heinz advised Mr. Matza and Ms. Moeller several times that he was interested in simplicity and low cost of the system. Specifically, he did not want to incur costs above that which he had already incurred in purchasing the home. At all times, the smoke detection (not suppression) system in place, met with NFPA 72 and the expertise of Command Force in design and installation.

7. Identify each date on which the defendant visited, examined, viewed and/or inspected the premises up to and including July 23, 2001.

**ANSWER:**

Mr. Matza had one meeting with Mr. Heinz on approximately February 3, 2000. Mr. Anthony Pasquarella visited the home sometime between February 4, 2000 and April 10, 2000 upon information and belief, on one day, to install the security system.

8. Identify the dates on which the defendant designed and installed the security system at the premises.

**ANSWER:**

    Approximately from February 4, 2000 through April 10, 2000.

9.    Identify the number and location of each smoke detector installed by the defendant at the premises.

**ANSWER:**

    There were two smoke detectors on the main floor. One was in the living room on the main floor and the second one was down the hall from the kitchen and in the bedroom area. The kitchen was centrally located on the main floor. There also was a smoke alarm on the lower level of the home in the hallway. There were three smoke detectors installed in total.

10.    State the names and addresses of all persons known to you who were present at the time of the incident alleged in the Complaint or who observed or witnessed all or part of the incident.

**ANSWER:**

    Upon information and belief, no one other than the Heinz's cat was present at the time of the incident alleged in the Complaint. Upon further information and belief, however, the Wilton Volunteer Fire Department arrived at the scene after an unreasonable length of time to put out the fire, after having received prompt notice of the fire from the central monitoring system put in place by defendant Command Force Security Systems, Inc.

11.    As to each individual named in response to Interrogatory No. 10, state whether to your knowledge, or the knowledge of your attorney such individual has given any statement or

212785    9

statements concerning the subject matter of the Complaint in the lawsuit. If your answer to the Interrogatory is affirmative, state also:

    (a)    The date of which the statement or statements were taken;

    (b)    The names and addresses of the person or persons who took such statement or statements;

    (c)    The names and addresses of any person present when such statement or statements were taken;

    (d)    Whether such statement or statements were written, made by recording device or taken by court reporter or stenographer; and

    (e)    The names and addresses of each person having custody or a copy or copies of such statement or statements.

**ANSWER:**

Defendant is unable to answer this interrogatory at this time, as upon information and belief, there were no people present at the premises at the time of the alleged incident. Defendant reserves the right to supplement this response upon receipt of documents, including but not limited to, documents from the Wilton Fire Department.

12.    If, at the time of the incident alleged in the Complaint, you were covered by an insurance policy under which an insurer may be liable to satisfy part or all of a judgment or reimburse you for payments to satisfy part or all of a judgment, state the following:

    (a)    The name(s) and address(es) of the insured(s);

    (b)    The amount of coverage under each insurance policy;

    (c)    The name(s) and address(es) or said insurer(s).

**ANSWER:**

  (a)  Command Force Security Systems, Inc.
     DBA: Gold Coast Data & Communications
     81-03 252nd Street
     Bellerose, NY  11426

  (b)  Policy No. CIG 0037700 with effective dates 4/27/01 to 4/27/02
     $1,000,000 for a single occurrence/$5,000,000 in the aggregate

  (c)  North American Specialty Insurance Company
     650 Elm Street
     Manchester, New Hampshire  03101

13.  If at the time of the incident, which is the subject of this lawsuit, you were protected against the type of risk which is the subject of this lawsuit by excess umbrella insurance, or any other insurance, state:

  (a)  The name(s) and address(es) of the insured(s);

  (b)  The amount of coverage under each insurance policy;

  (c)  The name(s) and address(es) of said insurers(s).

**ANSWER:**

  (a)  Command Force Security Systems, Inc.
     DBA: Gold Coast Data & Communications
     81-03 252nd Street
     Bellerose, NY  11426

  (b)  Policy No. CIX 0000011-00 with effective dates 4/27/01 to 4/27/02
     $1,000,000 for a single occurrence

  (c)  North American Specialty Insurance Company
     650 Elm Street
     Manchester, New Hampshire  03101

14. State whether any insurer, as described in Interrogatories No. 12 and 13 above, has disclaimed/reserved its duty to indemnify an insured or any other person protected by said policy.

**ANSWER:**

Yes.

15. State the names and addresses of all experts who you intend to call as an expert witness at trial.

**ANSWER:**

To date, defendant has not retained an expert. If/when an expert is retained, we will provide the name and address of said expert.

16. For each witness identified in response to Interrogatory No. 15, state:

(a) The subject matter on which each expert is expected to testify;

(b) The substance of the facts and opinions to which each expert witness is expected to testify;

(c) A summary of the grounds for each opinion of each expert witness expected to testify.

**ANSWER:**

Defendant will respond to this interrogatory once an expert is retained.

212785                                    12

## DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION

1.  Copies of any contract entered into by the defendant and the owners, Harold and Lauren Heinz, of the premises regarding a security system.

    **ANSWER:**

    See contract attached as **Exhibit A**, dated February 14, 2000, and executed by Lauren Heinz.

2.  Copies of any statutes, regulations, standards and codes which the defendant referred to, relied upon, and/or complied with when designing and installing the security system at the premises.

    **ANSWER:**

    See response to Interrogatory Number 4. Specifically, those portions of NFPA 72 which apply to existing structures.

3.  Copies of any notes, sketches, diagrams, drawings, memos, and any other documents made by or in the possession of the defendant and/or its representative relative to the design and construction of the premises, and the design and installation of the security system at the premises.

    **ANSWER:**

    All documents relative to this demand are attached as **Exhibit B.**

4.  A copy of the insurance policy or policies identified in response to interrogatories number 12 and 13.

212785                                    13

**ANSWER:**

All documents relative to this demand are attached as **Exhibit C.**

5.  A copy of any non-privileged statement, as defined in Practice Book Section 13-1, of any party in this lawsuit concerning this action or its subject matter.

**ANSWER:**

The Defendant objects to this request as being vague. Notwithstanding the foregoing, and without waiving any rights to objection, the Defendant, upon information and belief, denies the possession at this time, of any non-privileged statements of any party in this lawsuit concerning this action or its subject matter, as defined in Practice Book Section 13-1.

Furthermore, the Defendant respectfully request a clarification of this interrogatory specifically attaching a copy of that section of the Practice Book Section 13-1 which refers to such statements.

This response shall be deemed continuing and may be supplemented if additional items are created, discovered or received from the time of the original productions to the time of final judgment in this matter.

Yours, etc.

**THE DEFENDANTS**

**COMMAND FORCE SECURITY SYSTEMS, INC.**

By: *Carol S. Doty*
        Carol S. Doty, Esq.  CT24974
KAUFMAN BORGEEST & RYAN LLP
99 Park Avenue – 19th 72oor
New York, New York 10016
212-980-9600
2121-980-9291 (Facsimile)
cdoty@kbrny.com

212785                                                                     14

## DEFENDANT'S CERTIFICATION

I _Matthew Matza_ hereby certify that I have reviewed the above Interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

_MATTHEW MATZA_
Name of Defendant

Subscribed and sworn to before me this _18th_ day of _August_, 2003.

_Carol S. Doty_
Notary Public/
Commissioner of the Superior Court

CAROL S. DOTY
Notary Public, State of New York
No. 02006054569
Qualified in New York County
Commission Expires February 5, 2007

15

## CERTIFICATION

    I hereby certify that a copy of the foregoing was mailed to the following parties of record postage prepaid this __18th__ day of August 2003, as follows:

        Attorney Joseph E. Mascaro
        Morrison, Mahoney & Miller, LLP
        One Constitution Plaza
        Hartford, Connecticut 06103
        860-616-4441

Exhibit A

279-0021



# COMMAND FORCE
## SECURITY SYSTEMS, INC.

81-03 252nd STREET, BELLROSE, NEW YORK 11426
(718) 347-1572 • E-Mail: commandsec@aol.com
Fax: (718) 343-1014

*February 4, 2000*

New York State Alarm Licence # 12000009510
Workers Compensation - State Insurance Fund # 811-601-4
General Liability Insurance $2,000,000 and errors & omissions insurance
Frontier Insurance Company  Policy # C008361-02
Automobile Insurance - State Farm Insurance Company Policy # T40-2059-D10-32

COMMAND FORCE IS PLEASED TO SUBMIT THE FOLLOWING SECURITY SYSTEM PROPOSAL FOR
MR & MRS HAROLD HEINZ 34 WILDWOOD RD , WILTON, CT. 06897 TEL/FAX  203-834-9574

COMMAND FORCE WILL ALARM  AND INSTALL THE FOLLOWING:
ONE DSC POWER 832 CONTROL PANEL AND DIGITAL COMMUNICATOR
ONE BACK UP POWER SUPPLY     ONE INSIDE SIREN        TWO LCD KEYPAD
ONE WATER SENSOR BY POOL
ONE MOTION ON DOWNSTAIRS LEVEL   ONE SMOKE ON DOWNSTAIRS LEVEL
TWO SMOKES ON MAIN LEVEL             TWO MOTIONS ON MAIN LEVEL

**TOTAL SECURITY INVESTMENT         $ 1700.00**

*Central Station Monitoring @ 21.95 per month billed quarterly*
*all prices  are based on central station monitoring with 36 month contract.*

SYSTEM WILL BE GUARANTEED FOR ONE YEAR LABOR ONLY. PARTS WILL BE GUARANTEED BY MANUFACTURERS WARRANTY ONLY.
COMMAND FORCE WILL NOT BE RESPONSIBLE FOR ANY DAMAGE THAT MAY OCCUR TO THE SYSTEM THAT IS BEYOND OUR CONTROL SUCH
AS FROM PAINT, FIRE, WATER, VERMIN, OR VANDALISM. DURING THE PERIOD OF GUARANTEE, REPAIRS MAY NOT BE MADE BY ANYONE
OTHER THAN COMMAND FORCE.THE ABOVE WORK WILL BE DONE IN A PROFESSIONAL AND SATISFACTORY MANNER.
TITLE TO ALL EQUIPMENT WILL REMAIN WITH COMMAND FORCE UNTIL ALL SUMS DUE HAVE BEEN PAID.
THANK YOU FOR THE OPPORTUNITY TO QUOTE. WE LOOK TOWARD TO YOUR  ACCEPTANCE OF OUR PROPOSAL SIGNIFIED BY THE RETURN
OF A SIGNED COPY OF THIS CONTRACT AND INITIAL PAYMENT.

Total security investment      $ 1,700.00
Deposit                        $   850.00
Due upon completion            $   850.00

ACCEPTANCE OF PROPOSAL: THE ABOVE PRICES, SPECIFICATIONS AND CONDITIONS ARE SATISFACTORY AND ARE HEREBY ACCEPTED.
YOU ARE AUTHORIZED TO DO THE WORK AS SPECIFIED. PAYMENT WILL BE MADE AS OUTLINED ABOVE.

SIGNATURE  *Lauren Heinz*          DATE  2/14/00

February 4, 2000

New York State Alarm Licence # 12000009510
Workers Compensation - State Insurance Fund # 811-601-4
General Liability Insurance $2,000,000 and errors & omissions insurance
Frontier Insurance Company  Policy # C008361-02
Automobile Insurance - State Farm Insurance Company Policy # T40-2059-D10-32

COMMAND FORCE IS PLEASED TO SUBMIT THE FOLLOWING SECURITY SYSTEM PROPOSAL FOR
MR & MRS HAROLD HEINZ 34 WILDWOOD RD , WILTON, CT. 06897 TEL/FAX  203-834-9574

COMMAND FORCE WILL ALARM  AND INSTALL THE FOLLOWING:
ONE DSC POWER 832 CONTROL PANEL AND DIGITAL COMMUNICATOR
ONE BACK UP POWER SUPPLY    ONE INSIDE SIREN    TWO LCD KEYPAD
ONE WATER SENSOR BY POOL
ONE MOTION ON DOWNSTAIRS LEVEL   ONE SMOKE ON DOWNSTAIRS LEVEL
TWO SMOKES ON MAIN LEVEL         TWO MOTIONS ON MAIN LEVEL

## TOTAL SECURITY INVESTMENT         $ 1700.00

*Central Station Monitoring @ 21.95 per month billed quarterly*
*all prices are based on central station monitoring with 36 month contract.*

SYSTEM WILL BE GUARANTEED FOR ONE YEAR LABOR ONLY. PARTS WILL BE GUARANTEED BY MANUFACTURERS WARRANTY ONLY.
COMMAND FORCE WILL NOT BE RESPONSIBLE FOR ANY DAMAGE THAT MAY OCCUR TO THE SYSTEM THAT IS BEYOND OUR CONTROL SUCH
AS FROM PAINT, FIRE, WATER, VERMIN, OR VANDALISM. DURING THE PERIOD OF GUARANTEE, REPAIRS MAY NOT BE MADE BY ANYONE
OTHER THAN COMMAND FORCE.THE ABOVE WORK WILL BE DONE IN A PROFESSIONAL AND SATISFACTORY MANNER.
TITLE TO ALL EQUIPMENT WILL REMAIN WITH COMMAND FORCE UNTIL ALL SUMS DUE HAVE BEEN PAID.
THANK YOU FOR THE OPPORTUNITY TO QUOTE. WE LOOK TOWARD TO YOUR  ACCEPTANCE OF OUR PROPOSAL SIGNIFIED BY THE RETURN
OF A SIGNED COPY OF THIS CONTRACT AND INITIAL PAYMENT.

Total security investment     $ 1,700.00
Deposit                       $   850.00
Due upon completion           $   850.00

ACCEPTANCE OF PROPOSAL: THE ABOVE PRICES, SPECIFICATIONS AND CONDITIONS ARE SATISFACTORY AND ARE HEREBY ACCEPTED.
YOU ARE AUTHORIZED TO DO THE WORK  AS SPECIFIED. PAYMENT WILL BE MADE AS OUTLINED ABOVE.

**SIGNATURE**_____**DATE**_____

Exhibit B