UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GLENS FALLS INSURANCE COMPANY : <br> a/s/o HAROLD and LAUREN HEINZ <br>    Plaintiff | | CIVIL ACTION NO. 303 CV 1015 (DJS) |
| | : | |
| v. | : | |
| | : | |
| COMMAND FORCE SECURITY <br> SYSTEMS, INC. <br>    Defendant | : | SEPTEMBER 21, 2004 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE EXPERT TESTIMONY**

The plaintiff, Glens Falls Insurance Company, submits this opposition to the defendant's Motion to Preclude Expert Testimony. The Motion to Preclude must be denied because it (1) asserts arguments that are addressed to the weight and credibility of Mr. Klem's testimony, not its admissibility; (2) the testimony of Mr. Klem satisfies the standards set forth by the U.S. Supreme Court in Daubert v. Merrill Dow Pharms., 509 U.S. 579, 113 S. Ct. 2786 (1993) and (3) and evidentiary hearing is required to resolve the issue, if there is one, of whether the testimony of Mr. Klem satisfies the standards set forth by the U.S. Supreme Court in Daubert v. Merrill Dow Pharms., 509 U.S. 579, 113 S. Ct. 2786 (1993)

**Disclosure of Thomas Klem:**

The disclosure of Thomas Klem as an expert provided that

> It is expected that Mr. Klem will testify that the fire originated in a lower level bedroom and was associated with a lamp located on a night table. The lamp was knocked over onto a bed by a cat and ignited combustible material.
>
> It is expected that Mr. Klem will testify that the fire detection system installed within the subject premises was

inadequate. The installed system could not and did not provide the necessary early detection and notification to the fire department that an adequately designed and installed system would have achieved. The defendant should have been aware of the minimum effective design required for the fire detection/alarm system given the design of the premises. The deficiencies in the fire detection system should have been recognized and rectified by the defendant.

It is expected that Mr. Klem will testify that the zones created by the deep ceiling beams and doorway lintels in the subject premises provided significant barriers to the spread of combustion products from the fire to the sole existing lower-level smoke detector. These features of the home resulted in a significant delay in the activation of the installed lower-level hallway detector. To meet the requirements of NFPA 72, at a minimum, a smoke detector should have been installed just outside the bedroom area in the lower level. Additionally, sound fire protection engineering judgment dictates that the unique construction features of the premises and recent renovations to the premises with this level of protection should have resulted in smoke detectors being installed within lower level bedrooms as well.

It is expected that Mr. Klem will testify that an detector installed within the bedroom of fire origin would have likely activated from a smoldering fire within minutes of the lamp igniting the combustible material. Even a detector installed within the adjacent hallway (in absence of a detector within the room of fire origin), would have resulted in a detection time well in advance of the fire reaching flashover in the bedroom. Prior to flashover, the fire would have been relatively contained within that room and still very manageable by the fire department.

At a minimum, a properly designed and installed fire alarm system for the subject premises should have included a smoke detector located within the room of fire origin, a smoke detector located just outside the lower level bedrooms and a smoke detector at the opening to the stairway. Had such detector installations been made in the subject premises, notification to the fire department would have been significantly reduced resulting in prompt suppression and a significant reduction of fire damage to the premises.

>It is expected that Mr. Klem will testify that had the fire detection system been properly designed, then it is more probable than not that the fire would have been detected, responded to, contained and suppressed within the room of origin thereby resulting in a significant reduction of fire damage to the premises. (Disclosure attached as Exhibit F to defendant's memorandum in support of summary judgment motion.)

**Reports and Testimony of Thomas Klem**

The defendant argues in its Motion for Summary Judgment and in its Motion to Preclude Expert Testimony that the second report prepared by Thomas Klem of T. J. Klem and Associates is inadmissible. The defendant essentially attacks the credibility of the plaintiff's expert, Thomas Klem. This attack is clearly insufficient for the granting of summary judgment or for precluding the testimony of the expert for two reasons: (1) Credibility assessments are the province of the jury and not the court on a Motion for Summary Judgment or Motion to Preclude; and (2) The defendant cites and relies on only a small portion of Mr. Klem's deposition testimony and reports in support of its Motion for Summary Judgment and Motion to Preclude. A review of all of the reports and testimony, discussed above, reveals that both the Motion for Summary Judgment and Motion to Preclude must be denied.

That Mr. Klem was retained by the plaintiff to first examine the cause and origin of the fire and then asked to analyze the fire detection system installed by the defendant is not a basis to preclude his testimony. Rather, this is an argument as to his credibility, not admissibility of his testimony. Experts are routinely retained to analyze an issue and provide their opinions on the issue.

Additionally, the defendant argues briefly that the second report prepared by Mr. Klem is inadmissible pursuant to <u>Daubert v. Merrill Dow Pharms.</u>, 509 U.S. 579, 113 S.

Ct. 2786 (1993) and State v. Porter, 698 A.2d 238 (1997). This is an inappropriate argument for summary judgment because whether an expert's proffered opinions are admissible pursuant to Daubert v. Merrill Dow Pharms., 509 U.S. 579, 113 S. Ct. 2786 (1993) and State v. Porter, 698 A.2d 238 (1997) can only be decided after an evidentiary hearing.

The opinions of Mr. Klem are contained in his reports (Exhibits G and H to defendant's memorandum) and his disclosure as an expert (Exhibit F to defendant's memorandum). In the second report prepared by T.J. Klem and Associates, it is specifically noted that T.J. Klem and Associates was asked to supplement its fire investigative analysis regarding the fire at the Heinz house. This report specifically states, "this additional analysis assesses the adequacy of the structure's installed fire detection/alarm system (which included alarm monitoring) in providing early detection of a fire, notification to the monitoring company, timely notification of the fire department and the system's ability to achieve life safety of the occupants and to limit fire damage to the home." Mr. Klem further states in his report that "considering the potential threat to life safety within the home, sound fire protection engineering judgment dictates that this home should have installed an equivalent level of fire protection throughout all sleeping areas of the home. The lower level bedrooms did not contain smoke detectors, but they should have. Further, due to the ceiling being within the area of fire origin, two detectors would have provided the best design of the fire alarm system for this area (if properly placed one detector might have been acceptable)." (Exhibits H to defendant's memorandum).

Thus, the second report prepared by Mr. Klem, plaintiff's expert, does not contradict the first report, as is argued by the defendant in its motions. Rather, the second report was a more complete and thorough analysis directed specifically at the adequacy of the fire detection system installed by the defendant. The first report was a cause and origin investigation and the references to the fire detection system in the first report were not the final word or a detailed analysis of that system. Thus, the defendant's argument that summary judgment should be granted or Mr. Klem's testimony precluded because the second report contradicts the first report is without merit.

The record establishes that Mr. Klem has excellent credentials. Mr. Klem testified that he was employed with the NFPA as a Chief Fire Investigator for 12 years and that his duties included investigating major fire occurrences for the NFPA and developing investigative reports regarding those fires. (Depo. of Thomas Klem, 3/16/04, p. 8; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment). Mr. Klem has testified at trial at least 6 times and has been deposed approximately 45 times. (Depo. of Thomas Klem, 3/16/04, p. 9-10; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment). He has also testified before Congressional committees twice; once regarding a major fire in a high rise buildings, and the other occasion regarding mobile home fire safety standards being considered by Congress. (Depo. of Thomas Klem, 3/16/04, p. 11; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment). Mr. Klem developed an investigative protocol for electrical investigations when he was with the United States Fire Administration and this protocol

was adopted by the NFPA. (Depo. of Thomas Klem, 3/16/04, p. 27; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment).

Mr. Klem was retained by the plaintiff one or two days after the fire. (Depo. of Thomas Klem, 3/16/04, p. 32; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment). He was originally retained to conduct a cause and origin investigation of the fire at the premises. (Depo. of Thomas Klem, 3/16/04, p. 34; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment). The initial report regarding the fire at the premises was authored by an employee of Mr. Klem, and reviewed, edited, approved and issued by Mr. Klem. (Depo. of Thomas Klem, 3/16/04, p. 62 and 67-69, attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment). Mr. Klem was at the premises in October of 2001, took photographs, and did a complete walk-through of the premises. (Depo. of Thomas Klem, 3/16/04, pp. 80; 88, attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment).

Mr. Klem authored the second report. (Depo. of Thomas Klem, 3/16/04, p. 62; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment). The second report was done after the plaintiff requested (through its attorney) a more in-depth evaluation of the fire and the fire detection system installed at the premises. (Depo. of Thomas Klem, 3/16/04, p. 64-5; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment). More specifically, an adjuster, Jake Mollenkopf, affiliated with the plaintiff was perplexed at the severity of the loss at the premises despite the existence of a centrally monitored fire

detection system.  (Depo. of Thomas Klem, 3/16/04, p. 72; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment). Neither the adjuster not anyone else ever said or suggested to Mr. Klem that the plaintiff wanted to pursue a third party action.  (Depo. of Thomas Klem, 3/16/04, p. 77; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment).  On the second day of his deposition Mr. Klem again addressed the issue of why he prepared a second report:

> . . . based on my additional review of the fire incident and the additional review that subsequently happened of applicable code standards, regulations of the State of Connecticut and engineering practices to opine as to whether or not the smoke detection system that was installed within the premises was installed properly, adequately, and whether or not – if it was not installed properly, had it been installed as guided by appropriate standards, whether or not it made a difference in the outcome of the fire. (Depo. of Thomas Klem, 5/6/04, p. 165; attached as Exhibit J to the defendant's Memorandum of Law in Support of Motion for Summary Judgment).

Mr. Klem testified that the purpose of smoke detector, pursuant to the NFPA, Life Safety Code, and Fire Alarm Code is for life safety and property protection.  (Depo. of Thomas Klem, 3/16/04, p. 90-1; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment).  In response to the question of whether the NFPA makes any reference to property protection, Mr. Klem testified as follows:

> I believe I cited in my second report that there are various sections of the code that refer to that.  And certainly from a fire protection engineering standpoint, a user of the code understands that initially life safety objectives are achieved, but there's certain property implications that are either cited or interpreted by engineering judgment.  And depending on the complexity of the fire detection system arrangement, certainly property protection is strongly implied.  (Depo. of

>Thomas Klem, 3/16/04, p. 91; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment).

In response to a question about the impact the renovations at the premises had on his opinions in the second report, Mr. Klem testified that "Well the conclusions that I make in the report, the analysis takes two prongs: One within the renovations and one independent of the renovations. And from an analysis standpoint, both are relevant topics for discussion, but the conclusions are the same." (Depo. of Thomas Klem, 3/16/04, p. 105; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment).

When asked about the statement – "the building contained a fire detection alarm system (with smoke detectors positioned about the home according to national standards at the time of their installation) that was operable at the time of the incident . . " - in the first report, Mr. Klem testified he agreed with that statement based on the level of assessment and research done at the time the report was written and submitted. (Depo. of Thomas Klem, 3/16/04, p. 117; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment).

Mr. Klem was asked about the Connecticut State Building Code and its requirements. The Code provides that when alterations or additions requiring a permit occur (such as the work done on the Heinz premises) or when one or more sleeping rooms are added or created an existing dwelling, the entire building shall be provided with smoke detectors as required in new buildings (smoke detector in every bedroom). (Depo. of Thomas Klem, 3/16/04, p. 127; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment).

Mr. Klem testified that he used various computer fire models but none of these models were used in his final conclusions. (Depo. of Thomas Klem, 3/16/04, p. 128; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment).

The smoke detector closest to the room of fire origin was eleven feet from the doorway to the room and another 12 feet to the location of fire origin. (Depo. of Thomas Klem, 5/6/04, p. 200; attached as Exhibit I to the defendant's Memorandum of Law in Support of Motion for Summary Judgment). The required response time under the NFPA Section 72 for a central monitoring station to contact a fire department is 90 seconds. (Depo. of Thomas Klem, 5/6/04, p. 218; attached as Exhibit J to the defendant's Memorandum of Law in Support of Motion for Summary Judgment). The central monitoring station, chosen by the defendant, clearly violated this provision of the NFPA because it took more than 90 seconds to contact the fire department. Thus, plaintiff has established that the defendant violated the NFPA.

**The Testimony of Thomas Klem Satisfies The Standard Set Forth In <u>Daubert v. Merrill Dow Pharms.</u>, 509 U.S. 579, 113 S. Ct. 2786 (1993)**

The defendant argues that Mr. Klem's testimony is inadmissible pursuant to <u>Daubert v. Merrill Dow Pharms.</u>, 509 U.S. 579, 113 S. Ct. 2786 (1993). Under this standard, the trial court is required to act as "gatekeeper" and scrutinize professional expert testimony. As gatekeeper, "the judge's role is to keep unreliable and irrelevant information from the jury because of its inability to assist in factual determinations, its potential to create confusion, and its lack of probative value." See e.g. <u>Allison v. Meghan Medical Corp</u>, 184 F.3d 1300, 1311-12 (11th Cir. 1999). A trial judge is to make "a preliminary assessment of whether the reasoning or methodology underlying the

testimony is scientifically valid and whether that reasoning or methodology can be applied to the facts in issue." Daubert, 509 U.S. at 592-93, 113 S. Ct. at 2796; Porter, 241 Conn at 64, 698 A.2d at 744.

Defendant's argument that Mr. Klem's testimony must be precluded pursuant to Daubert v. Merrill Dow Pharms., 509 U.S. 579, 113 S. Ct. 2786 (1993) must fail. First, this argument requires an evidentiary hearing and cannot be decided on a motion for summary judgment. Second, that Mr. Klem has excellent credentials and experience in fire analysis is indisputable. Third, the analysis and examination conducted by Mr. Klem and his employees satisfy the standards set forth in *Daubert*. Indeed, the defendant's own expert agrees with Mr. Klem's most significant opinions; that the design of the premises impacted how quickly the fire detection system detected the fire, and a centrally monitored detector in the room of fire origin would have detected the fire sooner.

For the foregoing reasons, the defendant's Motion to Preclude should be denied.

THE PLAINTIFF,
GLENS FALLS INSURANCE COMPANY
 a/s/o HAROLD and LAUREN HEINZ


By ___/s/ Joseph E. Mascaro_____
Joseph E. Mascaro, Esq. – CT 12736
Morrison Mahoney LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
(860) 616-4441
(860) 541-4878
jmascaro@morrisonmahoney.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was mailed to the following parties of record postage prepaid this 21st   day of September, 2004, as follows:

Attorney Michael Mezzacappa  
Kaufman, Borgeest & Ryan, LLP  
200 Summit Lake Drive  
Valhalla, NY 10595

                                                /s/ Joseph E. Mascaro  
                                                Joseph E. Mascaro

Clerk's Office
United States District Court
450 Main Street
Hartford, CT 06103