UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GLENS FALLS INSURANCE COMPANY :        CIVIL ACTION NO. 303 CV 1015 (DJS)
a/s/o HAROLD and LAUREN HEINZ
     Plaintiff
                              :

  against                             :
                                     :

COMMAND FORCE SECURITY        :        SEPTEMBER 21, 2004
SYSTEMS, INC.
     Defendant

## LOCAL RULE 56(a)2 STATEMENT

The plaintiff, Glens Falls Insurance Company, pursuant to Rule 56(a)2 of the

Local Civil Rules of the United States District Court for the District of Connecticut,

submits this statement in support of its objection to the defendant's motion for summary

judgment.

    1.     Admitted.

    2.     Admitted.

    3.     Admitted.

    4.     Admitted.

    5.     Denied solely to the extent that the testimony of Harold Heniz was that the

premises was built in 1966 or 1967.  (Deposition testimony of Harold Heinz, attached as

exhibit K to the defendant's memorandum in support of motion for summary judgment).

    6.     Admitted in part and denied in part.  Admitted that Lauren Heinz signed a

contract with the defendant for the installation of a centrally monitored security and fire

detection system and this contract set forth what was installed by the defendant.  Denied

to the extent that the word "authorizing" implies that Lauren or Harold Heinz had any

expertise in the design of fire detection systems, in the factors that are relevant to the

adequate and reasonable design of fire detection systems or that the defendant ever advised Lauren and Harold Heinz that the fire detection system it installed was inadequate.

7.    Admitted.

8.    Denied.  Harold Heinz was uncertain as to when the remodeling work, including the new bedrooms, was completed.  (Deposition testimony of Harold Heinz, attached as exhibit K to the defendant's memorandum in support of motion for summary judgment).

9.    Denied in that the testimony was uncertain as to when the renovations were complete.  (Deposition testimony of Harold Heinz, attached as exhibit K to the defendant's memorandum in support of motion for summary judgment).

10.    Admitted.

11.    Admitted.

12.    Admitted

13.    Admitted.

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Admitted.

18.    Admitted.

19.    Admitted and denied.  The plaintiff admits this paragraph, but denies that it is a complete statement as to the analysis done by T. J. Klem and Associates.  More specifically, the plaintiff denies that the first report prepared by T. J. Klem and

Associates is a complete analysis of the adequacy and effectiveness of the fire detection system installed by the defendant at the Heinz residence. (Exhibits I and J).

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Admitted and denied. The plaintiff admits this paragraph, but denies that it is a complete statement as to the analysis done by T. J. Klem and Associates. More specifically, the plaintiff denies that the first report prepared by T. J. Klem and Associates is a complete analysis of the adequacy and effectiveness of the fire detection system installed by the defendant at the Heinz residence. (Exhibits I and J)

25.     Admitted.

26.     Admitted and denied. Plaintiff admits that the phrase quoted in this paragraph is in the first report prepared by T. J. Klem but denies that it is a complete statement as to the analysis done by T. J. Klem and Associates. More specifically, the plaintiff denies that the first report prepared by T. J. Klem and Associates is a complete analysis of the adequacy and effectiveness of the fire detection system installed by the defendant at the Heinz residence. (Exhibits I and J)

27.     Admitted and denied. Plaintiff admits that the phrase quoted in this paragraph is in the first report prepared by T. J. Klem but denies that it is a complete statement as to the analysis done by T. J. Klem and Associates. More specifically, the plaintiff denies that the first report prepared by T. J. Klem and Associates is a complete

analysis of the adequacy and effectiveness of the fire detection system installed by the defendant at the Heinz residence. (Exhibits I and J)

28.     Admitted and denied. The plaintiff admits this paragraph, but denies that it is a complete statement as to the analysis done by T. J. Klem and Associates. More specifically, the plaintiff denies that the first report prepared by T. J. Klem and Associates is a complete analysis of the adequacy and effectiveness of the fire detection system installed by the defendant at the Heinz residence. (Exhibits I and J)

29.     Admitted.

30.     Admitted.

31.     Denied only to the assertion that it was Attorney Joseph E. Mascaro who requested a written report setting forth the finding and opinions of Mr. Klem.

32.     Admitted.

33.     Admitted.

34.     Admitted.

35.     Admitted.

36.     Denied to the extent that it is unclear whether this statement applies to dwellings where renovations or alterations have taken place. (Exhibits I and J)

37.     Admitted.

38.     Admitted.

39.     Denied to the extent that it alleges he disagrees with his report. Mr. Klem clarified this particular phrase at his deposition; he did not disagree with his entire report.

40.     Admitted.

41.     Admitted.

<u>**DISPUTED ISSUES OF MATERIAL FACT**</u>

The plaintiff submits that the following issues of material fact are in dispute.

1.      Whether the defendant was negligent because the centrally monitored fire detection system installed by it was inadequate given the design of the Heinz home.

A.      Because of the design of the Heinz home – referred to as a "post-and-beam" design – smoke from a fire would collect in the spaces created by the beams thereby increasing the time that it would take for smoke to reach the sole centrally monitored smoke detector installed by the defendant in the lower level of the Heinz home. (Reports of T. J. Klem and Associates attached as exhibits G and H to defendant's memorandum of law in support of motion for summary judgment; photographs of the Heinz home showing the "post-and-beam design," exhibit 9 to plaintiff's memorandum; Exhibits I, J, M and N)

B.      Defendant's own expert testified that the design of the Heinz home result in more time passing before the smoke from the fire was detected by the centrally monitored detector. (Deposition of John Allen, attached to defendant's memorandum as exhibit N)

C.      Defendant's own expert testified that had a centrally monitored smoke detector been placed in the lower level bedroom, the room of fire origin, then the fire would have been detected sooner. (Deposition of John Allen, attached to defendant's memorandum as exhibit N)

2.      Whether the defendant was negligent because if failed to even consider various relevant and important facts when designing and installing the fire detection system.

a.    Mathew Matza of the defendant testified that he did not consider the type of fire department –volunteer or professional, distance from the Heinz residence, type of equipment etc. - maintained by the Town of Wilton, Connecticut when designing the fire detection system at the Heinz home. (Exhibit M).

b.    defendant knew that the centrally monitored system was requested by the homeowner's insurance carrier; yet defendant did not install system adequate to protect the property.  (Exhibits I. J. K and M).

3.    Whether the central monitoring station, chosen by the defendant, was failed to comply with the NFPA in the amount of time it took to contact the fire department.  (Exhibit J).

4.    Whether the defendant should have installed a centrally monitored detector in the room of fire origin – a bedroom – because renovations were taking place and pursuant to the NFPA, a detector was required in each bedroom.  Every other detector installed by the defendant was centrally monitored and had it decided to install a detector in the lower level bedroom, it would have been centrally monitored as well. (Exhibits I and J).

THE PLAINTIFF,
GLENS FALLS INSURANCE COMPANY
a/s/o HAROLD and LAUREN HEINZ


By    /s/ Joseph E. Mascaro
Joseph E. Mascaro, Esq. – CT 12736
Morrison Mahoney LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
(860) 616-4441
(860) 541-4878
jmascaro@morrisonmahoney.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed to the following parties of record postage prepaid this 21st   day of September, 2004, as follows:

Attorney Michael Mezzacappa
Kaufman, Borgeest & Ryan, LLP
200 Summit Lake Drive
Valhalla, NY 10595


/s/ Joseph E. Mascaro
Joseph E. Mascaro